**SEBER et al. v. GLASS.**

No. 15426.

Court of Civil Appeals of Texas.
Fort Worth.

May 8, 1953.

and the father was charged with responsibility for her support to the extent of payment of $30 per month. Subsequent to time the decree of divorce and as to Pamela's custody became final, but before proceedings in the court below were initiated and which culminated in this appeal, Pamela's mother married one Marvin Seber, who was never a party in the proceedings in the court below, though he joins his wife as a party to this appeal.

In 1952, the father of Pamela became in arrears on his child support payments to the extent of $780. As is usual in such cases, the mother, though not necessarily the only proper person to do so, made affidavit as to the facts concerning the matter of arrears by instrument filed in the court which had granted the divorce under the number of the cause constituting the divorce proceedings, and the prayer of such instrument was to the effect that the father be cited to show cause why he should not be held in contempt of court for his failure to comply with the provisions of said original decree.

The father was brought into court and without question the mother was present in court at time the hearing was held to inquire into the matters to determine whether he should be held in contempt. No pleading of any kind appears to have been filed by him. The testimony being complete, the court did hold the father in contempt, and prescribed in a judgment and order thereupon entered the terms whereby he might purge himself, constituting the usual increase as to payments to be made, with the increase credited upon the arrears payments until fully paid.

The trial court then proceeded, by the same judgment and order, to modify the original decree of divorce as same related to the matter of custody of Pamela Glass. Prescribed dates and hours of visitation were newly prescribed, and also both the father and the mother were directed not to remove Pamela outside the territorial limits of Harris County, Texas, without prior written authority to do so from the court, and both said father and mother were enjoined from doing so.

Shannon L. Morris, of Baytown, for appellants.

Mack M. Carter, of Baytown, for appellee.

MASSEY, Chief Justice.

Parties to this appeal are the natural parents of Pamela Glass, a minor under the age of sixteen years. The parents were divorced in 1950 in the same court from which this appeal was taken. By the corollary terms of the decree of divorce the custody of Pamela was given her mother,

As to that part of the judgment which enjoined her from removing Pamela from the territorial limits of Harris County, Texas, without prior written permission of the court, the mother appealed, and by the nature of the appeal she, as the appellant, joined for such purpose by her husband, Marvin Seber, is conducting the appeal as against the father of Pamela, as the appellee.

More than thirty days after the transcript was filed in the Court of Civil Appeals by the appellants, the appellee filed a motion to dismiss the appeal. No matters are disclosed by such motion showing circumstances defeating the jurisdiction of the Court of Civil Appeals. The matters complained of by the motion could be and have been waived, irrespective of merit, due to the late filing thereof under authority of Rules 404 and 405, Texas Rules of Civil Procedure. The motion is overruled.

The proceedings in the trial court were ex parte and as against appellee based upon sworn allegations of a complainant of facts indicating that he was in contempt of court. The proceedings were not of character requisite in law by way of an independent proceeding to change, modify or reform lawful child custody relationship existing as a matter of fact or established by a judgment which had become final. Art. 4639, T.R.C.S.; 15 Tex.Jur., p. 675, sec. 170, and cases cited thereunder. Black v. Black, Tex.Civ.App., 1927, 2 S.W.2d 331; Keith v. Keith, Tex.Civ.App., 1926, 286 S.W. 534; Lakey v. McCarroll, 1940, 134 Tex. 191, 134 S.W.2d 1016.

Though the proceedings held in the trial court were not proceedings held where the appellants, or either of them, were parties to such, their appeal is this case was taken by filing the transcript with the Clerk of the Court of Civil Appeals within the times provided by Art. 4662, T.R.C.S.

The rules relating to injunctions prescribed by Title 76, art. 4642 et seq., T.R. C.S., apply to this case. In the instant case, there was no suit of any kind by appellee against either of the appellants; there were no pleadings by appellee stating grounds indicating his entitlement to injunctive relief, nor was there any prayer for such relief; indeed, appellee was not in the trial court in any respect upon such a matter. He had not made any application, nor filed any bond. There had been no writ or notice of any kind issued to appellants whereby they were given opportunity to prepare their case in resistance to injunctive relief sought against them. The trial court was wholly without jurisdiction as to parties or subject matter. Hence, the purported order in the judgment in any wise relating to the custody of the minor child in question, including the enjoinder of appellant Dorothy Glass Seber in respect to her exercise of discretion relating thereto, was void.

That part of the judgment of the trial court enjoining appellant Dorothy Glass Seber in any way from removing her minor child from Harris County is reversed and rendered.