Joe William GRACE, Jr., Appellant,

v.

Jane Moores Grace McCRARY, Appellee.

No. 4335.

Court of Civil Appeals of Texas.

Waco.

April 15, 1965.

Rehearing Denied May 13, 1965.

Joe William Grace, Jr., pro se.

Sonfield & Sonfield, F. Lee Duggan, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment of the Court of Domestic Relations No. 2 of Harris County, holding appellant Grace in contempt of court for failing to make child support payments as ordered by the court, and refusing to reduce appellant's child support payments.

Appellant Grace, and appellee McCrary were formerly husband and wife, being divorced in 1961. Such divorce decree awarded custody of the couple's 4 minor children to appellee and required appellant to pay $185 per month child support. In May 1964 appellee caused appellant to be cited in contempt for delinquency of $325, in his child support payments. Appellant denied delinquency, and by cross action asked for reduction of amount of payments to $110 per month on the ground of changed conditions, and further asked for readjudication of visitation rights.

The Trial Court, after hearing, held appellant in contempt of court for a delinquency of $325 in his child support payments; modified appellant's visitation rights; and denied appellant's prayer to reduce child support payments.

Appellant appeals, contending the Trial Court erred: 1) In holding him in contempt; and 2) In not reducing the amount of child support payments.

■ The Trial Court found that appellant failed to make the support payments required by the previous order, and that he was delinquent in the amount of $325. The Trial Court further held appellant in contempt of court by reason of this. There is no appeal from a judgment or order holding a person in contempt, and this court is without jurisdiction to review the portion of this appeal as relates to the contempt proceeding. Tims v. Tims, CCA, W/E Ref., 204 S.W. 2d 995; Wagner v. Warnasch, Sup.Ct., 156 Tex. 335, 295 S.W.2d 890. Appellant's contention and the point related thereto is accordingly dismissed.

■ The Trial Court, after full hearing, found that there had been no material change or other factor since the rendition of the divorce in 1961 that would authorize any change in the support provisions contained in such judgment, or to reduce such monthly payments. The divorce decree required appellant to contribute $185 per month toward the support of his 4 children. The record discloses, among other things, that appellee has remarried; and that appellant has gross earnings of $866 per month, and net earnings of $702 per month. From the record we think the evidence ample to support the findings and judgment of the Trial Court. Appellant's contentions and points related to the Court's failure to reduce support payments are overruled.

The judgment, insofar as it denies reduction in child support payments, is affirmed.

The appeal, insofar as it pertains to the judgment of contempt is dismissed.