**Allie B. MARTIN, Sr., Appellant,**

v.

**Carole MARTIN, Appellee.**

No. 16474.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 30, 1975.

Smith, Schulman, Rawitscher & Cordray, Bruce W. Wettman, Houston, for appellant.

Bernard & Bernard, H. J. Bernard, Houston, for appellee.

ON MOTION TO DISMISS THE APPEAL AND ON MOTION TO SUSPEND TRIAL COURT'S JUDGMENT

EVANS, Justice.

Carole Martin Yarborough seeks to dismiss the appeal of her former husband, Allie B. Martin, Sr., from an order entered by the Court of Domestic Relations No. 3 of Harris County on November 20, 1974. In her motion to dismiss, Carole Martin Yarborough contends that the order was one holding the said Allie B. Martin, Sr. to be in contempt and was not appealable.

A review of the record shows that these proceedings were based upon ex parte motion and affidavit of Carole Martin Yarborough seeking to have said Allie B. Martin, Sr. held in contempt for his failure to redeliver their child to her upon expiration of his visitation privileges. No pleading was filed on behalf of Allie B. Martin, Sr. The show cause order and the transcript of the evidence presented upon the hearing followed the allegations of the motion and affidavit filed by Carole Martin Yarborough.

The order in question recites that the said Allie B. Martin, Sr., wilfully disobeyed

the trial court's prior order by failing to return his son, Allie B. Martin, Jr. to his former wife, Carole Martin Yarborough, upon expiration of his visitation privileges and ordered him held in contempt of court. The order fixed his punishment by confinement for a period of 30 days with provision that he might purge himself by paying costs and attorney's fees as decreed by the court and that he might further purge himself from the sentence to confinement "provided that Allie B. Martin, Sr. does not cause the removal of the subject child, Allie B. Martin, Jr., from Harris County, except under order of the Court of Domestic Relations No. 3 of Harris County, Texas within two (2) years from the date of entry of this Order."

An additional provision in the order specified that Martin's visitation privileges with his son would be suspended until June 1, 1975 at which time they would again "be put into effect" and that he might thereafter remove the child from Harris County in accordance with the court's order but must return the child upon the conclusion of each such visitation.

Additional provisions in the order designated the details of the visitation privileges which Martin was to have after the expiration of the period of their suspension and ordered Martin to commence making child support payments to his former wife "as heretofore commanded by the Court" in the amounts specified in the order. The order contained a further provision to the effect that Martin was not deprived of bringing any action "to the contrary" in an appropriate court of Harris County but that "act or omission" by Martin within two years from the date of entry of the order would cause writ of commitment to issue without further application to the court.

In Seber v. Glass, 258 S.W.2d 122 (Tex. Civ.App.—Fort Worth 1953, no writ), an application filed by the child's mother asserted her former husband to be in arrears of his child support payments and requested that he be cited to appear and show cause why he should not be held in contempt for failure to comply with the support provisions of the divorce decree. The father filed no pleading but both parties were in attendance at the hearing and testimony was taken. At the conclusion of such hearing, the trial court held the father in contempt and prescribed in the judgment the terms by which he might purge himself. The court then proceeded by the same judgment and order to modify the original divorce decree as it related to the matter of custody and prescribed new dates and hours of visitation. It further enjoined both the father and the mother against removing the child from the territorial limits of Harris County without prior written authority of the court. The mother then appealed from that portion of the judgment which enjoined her from removing the child from the territorial limits of Harris County without the court's prior permission. It was held that the contempt proceedings did not authorize the modification or reformation of the custody relationship established by the divorce decree and that the trial court's order relating to the custody of the child was void.

"In the instant case, there was no suit of any kind by appellee against either of the appellants; there were no pleadings by appellee stating grounds indicating his entitlement to injunctive relief, nor was there any prayer for such relief; indeed, appellee was not in the trial court in any respect upon such a matter. He had not made any application, nor filed any bond. There had been no writ or notice of any kind issued to appellants whereby they were given opportunity to prepare their case in resistance to injunctive relief sought against them. The trial court was wholly without jurisdiction as to parties or subject matter. Hence, the purported order in the judgment in any wise relating to the custody of the minor child in question, including the enjoinder of appellant Dorothy Glass Seber in respect to her exercise of discretion relating thereto, was void." (p. 124)

■ This court is, of course, without jurisdiction to review a contempt proceeding by appeal. Tims v. Tims, 204 S.W.2d 995 (Tex.Civ.App.—Amarillo 1947, writ refused). However, absent appropriate pleadings and proof, the trial court may not extend the scope of the contempt proceedings and by its order modify or reform previous orders of the court affecting the custody of the child. Seber v. Glass, supra; Livingston v. Nealy, 382 S.W.2d 511 (Tex.Civ.App.—Corpus Christi 1964, writ ref. n. r. e.). Although the trial court's order in the instant case found Allie B. Martin, Sr. to be in contempt, fixed his punishment and set certain conditions by which he might purge himself from the sentence of that punishment, it purported to grant relief beyond the scope of the contempt proceedings. To the extent the order purports to modify or reform previous orders of the court as to custody of the child, this court has jurisdiction to review the matter.

Allie B. Martin, Sr. has also filed an application in this cause requesting that we suspend the trial court's order of November 20, 1974, pending hearing and determination of this appeal, insofar as said order purported to suspend his visitation privileges and in certain other respects. This application is based upon Section 11.19 of the Vernon's Ann. Texas Family Code which, in part, provides:

"(b) An appeal may be taken by any party to a suit affecting the parent-child relationship from an order, decree, or judgment:

"*  *  *  *  *  *

"(2) entered under Chapter 14 of this code appointing or refusing to appoint a managing conservator; appointing or refusing to appoint a possessory conservator; ordering or refusing to order payments for support of a child; or modifying any such order previously entered;

"*  *  *  *  *  *

"(c) An appeal from an order, judgment, or decree, with or without a supersedeas bond, does not suspend the order, decree, or judgment unless suspension is ordered by the court entering the order, decree, or judgment. The appellate court, on a proper showing, may permit the order, decree, or judgment to be suspended."

■ We are of the opinion that this court is empowered to suspend the trial court's order and that under the circumstances presented, the order should be suspended insofar as it prohibits Allie B. Martin, Sr. from visiting his child under the visitation privileges contained in prior orders of the court.

The trial court's order is suspended pending further orders of this court insofar as its provisions with respect to child custody and visitation privileges constitute a modification or reformation of orders previously entered by the court affecting such matters.

The motion to dismiss is denied.