Beverly Ann STEPHENS, Appellant,

v.

Ernest Emory STEPHENS, III, Appellee.

No. 16749.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1976.

Rehearing Denied Nov. 24, 1976.

Richie, Greenberg & Brackman, Roger B. Greenberg, Houston, for appellant.

Gallman, Bakke, Glover & Chism, J. Roger Chism, Houston, for appellee.

EVANS, Justice.

This is a contempt proceeding arising out of appellee's failure to meet child support obligations imposed under a divorce decree.

The decree of divorce, dated January 24, 1975, required appellee to make child support payments for the parties' three minor children as follows: $75.00 per month for Sean Stephens; $100.00 for Guy Stephens, and $150.00 per month for Stephanie Stephens, until each of such children reached 18 years of age. The divorce decree also approved the parties' property settlement agreement under which the homestead was set aside to appellant, subject to an equity in the maximum sum of $8,000.00, which was to be paid to appellee upon the sale of the homestead.

On October 28, 1975, appellee filed a motion to modify the support provisions of the divorce decree, and in response, appellant sought to have appellee ordered to pay the sum of $1,712.50, which, she alleged, was the amount he was then in arrears in accrued child support payments. After a hearing on these matters on January 26, 1976, the court reduced the aggregate sum of appellee's support obligations from $325.00 per month to $200.00 per month and found that appellee was in arrears in child support payments in the total amount of $1,650.00. The court, however, did not provide in its judgment for the recovery of said sum by appellant from the appellee.

On January 28, 1976, appellant filed the subject motion for contempt, asserting that appellee had been determined to be delinquent in his child support payments in the sum of $1,650.00, under the prior order of the court, and that he should be found in contempt of that order. Appellee responded to this motion, claiming that he was without funds or assets with which to satisfy the amounts owing to appellant, except to the extent of his equity in the homestead which had been awarded to him under the divorce decree. After hearing of this motion on March 1, 1976, the court entered the order in question which provides:

"The Court further finds, without a motion being filed by any affected party, and without the required thirty (30) days notice, that payment of the accrued child support arrearages due and owing Relator should be modified in the following respect: the One Thousand Six Hundred Fifty and No/100 ($1,650.00) Dollars in accrued child support arrearages should be offset by the same amount against Relator's Eight Thousand and No/100 ($8,000.00) Dollars equity in a home at 11802 Moonmist Drive, Houston, Harris County, Texas, rather than having said accrued amount paid in cash to Movant for the support of the children as previously ordered by this Court.

"It is therefore ORDERED, ADJUDGED and DECREED that Relator is in contempt of this Court's Order of January 26, 1976, for failure to pay accrued child support arrearages in the amount of One Thousand Six Hundred Fifty and No/100 ($1,650.00) Dollars.

"It is further ORDERED, ADJUDGED and DECREED that Relator pay a reasonable attorney's fee in the amount of One Hundred and Fifty and No/100 ($150.00) Dollars, plus all costs of court to Richie, Greenberg & Brackman, 1200 South Post Oak, Suite 520, Houston, Texas.

"It is further ORDERED, ADJUDGED and DECREED, without motion having

been filed or thirty (30) days notice given, that the accrued child support arrearages be modified in the following respect: the One Thousand Six Hundred Fifty and No/100 ($1,650.00) Dollars in accrued child support arrearages are hereby offset by the same amount against Relator's Eight Thousand and No/100 ($8,000.00) Dollars equity in the following described property, rather than having said accrued amount paid in cash to Movant for the support of the children as previously ordered by this Court: . . . ."

The record reflects appellee's willingness to have his equity in the homestead credited against the amount of his arrearage in child support payments, and he makes no complaint with respect to the court's contempt order. However, appellant contends that the contempt order constitutes an unauthorized modification of the court's prior orders relating to her entitlement to child support payments.

Section 14.08, Texas Family Code, as amended effective September 1, 1975, provides that an order providing for child support may be modified upon motion, after thirty days' notice, but only as to obligations accruing subsequent to the motion to modify. It is appellant's contention that the court's contempt order was entered without compliance with the requirements set forth in this section.

■ This court is without jurisdiction to review a contempt order other than by an original proceeding for habeas corpus. *Tims v. Tims*, 204 S.W.2d 995 (Tex.Civ.App. —Amarillo 1947, writ ref'd); see also *Doss v. Doss*, 521 S.W.2d 709, 711 (Tex.Civ.App. —Houston [14th] 1975, no writ). It is only to the extent that an order of contempt purports to modify or reform a prior order of the court that this court may exercise its jurisdiction. *Martin v. Martin*, 519 S.W.2d 900 (Tex.Civ.App.—Houston [1st] 1975, no writ); *Seber v. Glass*, 258 S.W.2d 122 (Tex. Civ.App.—Fort Worth 1953, no writ).

■ The contempt order in question does not purport to modify or reform the child support obligations imposed by any prior order of the court; nor does it purport to reduce the amount of the pre-existing arrearages as determined by the court's prior order. The contempt order merely provides for a means of discharging payment of the amount which was found by the court to be the sum of the arrearages. See *Garcia v. Garcia*, 469 S.W.2d 920, 921 (Tex.Civ.App.— San Antonio 1971, no writ).

■ Under the provisions of Section 14.-09(c), Texas Family Code, support orders may be enforced either by contempt or by judgment for the amount of the delinquent payments. These optional remedies operate both independently and concurrently. *Harrison v. Cox*, 524 S.W.2d 387 (Tex.Civ.App. —Fort Worth 1975, writ ref'd n.r.e.); *Walker v. Sheaves*, 533 S.W.2d 87, 90 (Tex.Civ. App.—San Antonio 1976, writ ref'd n.r.e.).

■ In a contempt proceeding, the trial court, in its discretion, may designate in its decree certain ways by which the party adjudged to be in contempt is allowed to purge himself of the contempt. The trial court may not, however, arbitrarily decree conditions which if performed by the party in contempt, reduce or abrogate property rights, remedies or benefits of the adverse party under prior orders of the court. To that extent the trial court's decree would be invalid, and even though nonappealable, such provisions in the decree would not be binding upon the adverse party in subsequent proceedings.

Since the order in the case at bar is nonappealable, the appeal is dismissed for want of jurisdiction.