Pat ANDERSON, Appellant,

v.

Jean (Anderson) BURLESON, Appellee.

No. 17403.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 31, 1979.

Sanford W. Likover, Bellaire, for appellant.

Jean (Anderson) Burleson, pro se.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

PEDEN, Justice.

Pat Anderson attempts to appeal from an order finding him in contempt of court for non-payment of child support but suspending commitment until a later date. Anderson contends the trial court committed fundamental error in entering the order against him because all court proceedings had been automatically stayed under Bankruptcy Rule 11–44. We dismiss the appeal.

In the 1974 divorce decree, Anderson was ordered to pay $200 each month for child support. A show cause order was issued in 1978 stating that he was $600 in arrears in his payments and ordering him to appear in court on December 14, 1978. He failed to appear, and the trial court's order holding him in contempt suspended his commitment until December 27 pending his payment of $600. It is from this contempt order that Anderson seeks to appeal.

We do not reach Anderson's sole point of error. We are without jurisdiction to consider this appeal because the trial court's order is not an appealable one. There is no provision in Texas statutes for an appeal from an adjudication and commitment for contempt. Relief must be sought by application for a writ of habeas corpus. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956).

There is another reason why the trial court's order in our case was not appealable. When a contemner's commitment order is suspended, as here, on condition of compliance, the court must afford him a subsequent hearing to determine whether a breach of the condition has occurred and must issue an unconditional order of commitment. *Ex parte Sauser*, 554 S.W.2d 239 (Tex.Civ.App.1977, no writ); *Ex parte Hart*, 520 S.W.2d 952 (Tex.Civ.App.1975, no writ). Appeals may be taken from *final* judg-

ments, Art. 2249, Vernon's Texas Civil Statutes, and the general Texas rule is that appeals lie only from such interlocutory orders as are specially made appealable by rules or statutes. *Henderson v. Shell Oil Co.,* 143 Tex. 142, 182 S.W.2d 994 (1944); *City of Arlington v. Texas Electric Service Co.,* 540 S.W.2d 580 (Tex.Civ.App.1976, writ ref'd n. r. e.). There is no provision in Texas law making appealable an interlocutory commitment order in a contempt proceeding.

The appeal is dismissed.