INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO and William Pegues, Appellants,

v.

AXELSON, INC. and Elizabeth Shankle, Appellees.

No. 8787.

Court of Civil Appeals of Texas, Texarkana.

Dec. 18, 1979.

Rehearing Denied Jan. 31, 1980.

Jim Ammerman, II, Ammerman & Ammerman, Marshall, Welby Parish, Gilmer, for appellants.

Earl Tate, Longview, for appellees.

CORNELIUS, Chief Justice.

This is an attempted direct appeal from an order of the 188th District Court of Gregg County, Texas, adjudicating William Pegues in contempt for violating a temporary injunction previously entered by that court. Mr. Pegues was fined $500.00 but the fine was suspended on condition that he refrain from violating the injunction in the future.

Axelson obtained the temporary restraining order and temporary injunction to prevent interference with its plant operations during a strike by the International Association of Machinists and Aerospace Workers, AFL–CIO. The union and its agents were enjoined from committing

". . . any act which in any manner . . . would tend to molest or intimidate the Plaintiff's guests or employees or customers, or block or stop their vehicles; . . . from following any person leaving the premises of the Plaintiff . . . and from doing any bodily harm or making any threatening gesture to or any manner threatening any employee of the Plaintiff corporation or any third party and particularly are the Defendants, their agents or representatives, to be temporarily enjoined from threatening, harassing, intimidating or assaulting any member of the family of any employee or any employee, or otherwise violating any of the laws of the State of Texas."

Mr. Pegues was a member of the union and was joined as a defendant in the petition for the temporary restraining order. Some three weeks after entry of the injunction, Axelson filed a motion to hold Mr. Pegues in contempt. A hearing was held on the motion at which Elizabeth Shankle, one of Axelson's employees, testified that as she was leaving the plant on March 29, 1979, a brown Chrysler Cordoba automobile followed her. She further testified that the automobile continued to follow her even after she made attempts to elude it and at one point the driver of the vehicle threatened her by saying "I am going to get you." She identified Mr. Pegues as the driver of the car and also testified that she wrote down the license number of the car and that it was QMN 835. Mr. Pegues denied that he ever followed or threatened Mrs. Shankle, and introduced testimony implying that it was another employee who also drove a brown Cordoba automobile who had followed and threatened Mrs. Shankle. Mr. Pegues showed that the license number of his car was QMN 832, but offered no evidence of the license number of the other car. The trial judge concluded that Mr. Pegues had violated the injunctive order and adjudged him in contempt.

■ A judgment of contempt may not be reviewed by appeal. Review of such an order may be obtained only through collateral attack by habeas corpus, or in some cases, by writ of mandamus. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956); *State v. Thurmond,* 37 Tex. 340 (1872); *Anderson v. Burleson,* 583 S.W.2d 467 (Tex.Civ.App. Houston—1st Dist.1979, no writ); *Cine-Matics, Inc. v. State,* 578 S.W.2d 530 (Tex.Civ.App. Austin 1979, no writ); *Ex Parte Dillard,* 577 S.W.2d 519 (Tex.Civ.App. Texarkana 1979, no writ); *Stephens v. Stephens,* 543 S.W.2d 686 (Tex.Civ.App. Houston—1st Dist. 1976, no writ); 6 Lowe, Texas Practice Remedies § 592, p. 434 (1973); 12 Tex.Jur.2d Contempt § 59, p. 536. Even if appellant had attacked the contempt order here by original application for writ of habeas corpus, this Court would not have jurisdiction of the proceeding because Courts of Civil Appeals may only issue writs of habeas corpus to review contempt adjudications arising out of divorce actions, wife or child support proceedings or child custody cases. Tex.Rev.Civ.Stat.Ann. art. 1824a (Supp.1978–1979); 6 Lowe, supra, § 592, p. 436.

Appellant urges that because insufficiency of the evidence to sustain a contempt adjudication will not justify relief by habeas corpus, we should allow him a right of

**364**

appeal so that his contention that the evidence was insufficient to support the contempt order involved here may be judged and determined. We have no such authority. Our jurisdiction to review judgments on appeal is conferred only by statute and our statutes make no provision for review of contempt adjudications or commitments either by appeal or writ of error. See *Wagner v. Warnasch*, supra.

For the reasons stated, the appeal is dismissed.