**Brenda Sue Holder SMITH, Appellant,**

v.

**Larry Ken HOLDER, and in the Interest of Brian Duane Holder, Appellees.**

**No. 08–87–00210–CV.**

Court of Appeals of Texas, El Paso.

June 22, 1988.

Richard L. Wardroup, Price, Ogan & Wardroup, E. Warren Goss, Lubbock, for appellant.

John L. Shepherd, Seminole, for appellees.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

This is an appeal from an order holding Appellant Brenda Sue Holder Smith in contempt. We dismiss the appeal for want of jurisdiction.

This case typifies why trial judges dealing with domestic relation problems are leaving the trial bench and taking early retirement. In this case, we have no criticism whatsoever of the trial judge. We merely rejoice that our appellate work relieves us from the endless frustrations and tensions that go with trial judges who forever hope and pray that the term "parents" will become synonymous with the term "adult" when it comes to dealing with divorce and children from those broken homes.

Appellant Brenda Sue Holder Smith had been married to Larry Ken Holder for al-

most sixteen years when they were divorced in December, 1983. Appellant was made managing conservator of Brian Duane and Kara Michelle who were the children born of the marriage. An agreement incident to divorce was entered into by the parties which settled all matters, including custody and visitation with the children.

In 1986, the minor son, Brian Duane, overstayed his visit with his father and refused to return home to his mother, resulting in the filing of a writ of habeas corpus by the mother. The trial judge ordered the return of the son to the mother. A motion to modify was brought, seeking a change of custody, which seemed to begin the "declaration of war" between the Appellant and her ex-husband. The son, being old enough to exercise his preference, chose his father. During the interim, while awaiting the custody hearing, the home life of the boy became so unbearable, the trial judge had to remove the boy and place him in a neutral environment, away from his mother and father.

The parties reached an agreement as to the motion to modify, whereby it was agreed that the boy stay with the father and the girl stay with the mother.

The trial court entered judgment, according to the agreement, and specifically detailed elaborate visitation for the parties with their children. The judge ordered that the son was to receive some personal items from his mother's house. The judge further ordered that there would be liberal access, by phone, as to the children by the non-custodial parent, and also sensible and reasonable personal visitation with the children other than the detailed visitation. This judgment was entered into on September 16, 1986, and this is the judgment that resulted in the present contempt action.

The ex-husband and the son filed a motion asking that the ex-wife and mother (Appellant) be held in contempt for failure to abide by the judgment of September 1986. Specifically, the claim was that she had refused to let her son retrieve his personal items, such as a tent, baseball glove, diary, motorcycle, golf clubs, guns,

et cetera. The ex-husband contended that Appellant had withheld access to the daughter, by phone, and personal visits in violation of the September 1986 judgment.

At the contempt trial, Appellant Brenda Sue Holder Smith invoked her Fifth Amendment privilege against self-incrimination and refused to testify. After hearing the evidence, the trial judge held Appellant in contempt, finding that she had denied the ex-husband reasonable and free access by phone to his daughter and also had wrongfully refused to allow him personal visitation with his daughter other than the detailed specific visitation as set forth in the judgment of September 1986. The court also found that the mother still had not allowed the son to retrieve his personal items. Punishment for the contempt was assessed by the trial court at confinement in the county jail for a period of ten days, but the judge probated the sentence for one year on certain conditions:

(1) The Appellant and her daughter were ordered to submit to counseling by a Dr. Wall (we do not know if Dr. Wall was to provide psychological or spiritual counseling, but the facts would warrant either or both).

(2) The father (ex-husband) was given the right to visit with the daughter every Wednesday from 4:00 p.m. until 9:00 p.m., (if school was not in session) or every Wednesday from the time school let out until 9:00 p.m.

■■■ The Appellant Brenda Sue Holder Smith appeals, not by writ of habeas corpus but by direct appeal from the above order of contempt.

*Do we have jurisdiction to entertain such appeal?* Ordinarily we are without jurisdiction to review a contempt proceeding by appeal. *Gonzales v. Gonzales*, 533 S.W.2d 480 (Tex.Civ.App.—El Paso 1976, no writ). However, Appellant argues that the contempt order modified a prior judgment pertaining to custody and visitation when it ordered that the father was entitled to visit with the daughter every Wednesday, which represented a new and additional visitation period. This is true,

that as a condition of probation, the trial judge ordered the father be allowed to visit with his daughter every Wednesday. It is also true that the only method provided for to make a change of conservators or modification of visitation is by a motion to modify. There was no motion to modify on file when the trial judge ordered the additional visitation. Therefore, did the additional awarding of visitation in the contempt proceeding, by the trial court, constitute a void order beyond its jurisdiction? Other Texas holdings would say "yes" and find that the Court of Appeals had jurisdiction in a direct appeal from such a contempt finding. *Martin v. Martin,* 519 S.W.2d 900 (Tex.Civ. App.—Houston [1st Dist.] 1975); *Seber v. Glass,* 258 S.W.2d 122 (Tex.Civ.App.—Fort Worth 1953, no writ.).

We respectfully disagree with such holding. We still have a case that consists of a direct appeal of a contempt finding which we are without jurisdiction to review. In this case, we are aware that there was an attack in the trial court on the lack of specificity of provision in the judgment that gave rise to the contempt in regard to allowable phone calls and additional visitation other than specified in the judgment. Also there may be questions involved on whether the trial court could revoke and sentence a contemnor. In this case, the trial judge placed the contemnor on probation for one year, and yet the statute only permits the judge to sentence the contemnor to jail for six months or less. Tex. Gov't.Code Ann. sec. 21.002 (Vernon Pamphlet 1988).

We see no sound reason to allow a contemnor to pick and choose until he or she finds a way to file a direct appeal rather than follow the habeas corpus route. It still represents a direct attack on a contempt order which should not be allowed. To accept jurisdiction and attempt to answer only the visitation question by reversing the trial court will not answer the many other questions that might be legitimately raised in a writ of habeas corpus proceedings.

The appeal is dismissed for want of jurisdiction.