NUMBER 13-04-638-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

FORD MOTOR COMPANY,                                         Appellant,

 

                                           v.

 

EZEQUIEL CASTILLO, ET AL.,                                     Appellee.

 

 

 

                  On appeal from the 404th District
Court

                          of Cameron County, Texas.

 

 

 

                        DISSENTING OPINION

 

          Before Chief Justice Valdez and Justices
Castillo and Garza

                                  Opinion by Justice Castillo

 








This is an
appeal from a summary judgment with respect to breach of a settlement
agreement.  By its first issue, appellant
Ford asserts that the trial court improperly granted summary judgment on an
unpleaded contract claim.  By its second
issue, Ford asserts that the trial court abused its discretion by disallowing
discovery on the question of potential misconduct by the presiding juror.  By its third issue, Ford maintains that the
trial court erred in striking the jurors' affidavits.  Because I would sustain the first issue presented,
I respectfully dissent.

I.  Background

Trial lasted
approximately three weeks.  The jury
began deliberations on a Friday afternoon and recessed for the weekend.  The jury continued deliberations the
following Monday, recessed on Tuesday, and resumed deliberations on
Wednesday.  Meanwhile, on Tuesday
evening, settlement discussions occurred between the litigants.  On Tuesday, deliberations were recessed
because a member of the presiding juror's family was ill.  When deliberations ensued on Wednesday
morning during the liability phase of the charge, the presiding juror caused
the following question to be delivered to the trial court:  "What is the maximum amount that can be
awarded?"  The case settled
promptly.  Before effecting settlement,
Ford requested time to investigate the events leading up to the presiding
juror's question.  The trial court denied
the request.  Ford also requested the
trial court to investigate.  The trial
court did not do so.  Appellees later
filed a motion for summary judgment asserting as grounds breach of the
settlement agreement.  Having entered
prior orders to compel settlement, the trial court granted appellees' motion
for summary judgment.  This appeal
ensued.








II.  Pleadings

By its first
issue, Ford maintains that appellants did not plead contract or breach of
contract and summary judgment is thus improper. 
The record demonstrates that appellees' live pleading does not contain a
cause of action for breach of contract.

Respectfully,
I would hold that the trial court had no authority to enter a summary judgment
since no live pleading existed urging a cause of action from which a judgment
could be taken.  A pleading, by
definition, determines the issues to be tried. 
Erisman v. Thompson, 167 S.W.2d 731, 733 (Tex. 1943).  There must be some pleading pending against
which a summary judgment can be granted. 
Granado v. Madsen, 729 S.W.2d 866, 870 (Tex. App.BHouston
[14th Dist.] 1987, writ ref'd. n.r.e.) (finding that summary judgment order in
case where there were no live pleadings and, thus no cause of action against
which summary judgment could be granted, was a nullity and of no effect); Seber
v. Glass, 258 S.W.2d 122, 124 (Tex. Civ. App.BFort Worth
1953, no writ) (finding that where appellee filed no pleadings seeking
affirmative relief, trial court was wholly without jurisdiction as to parties
or subject matter and purported order granting affirmative relief was void).  Where there is no pleading, there can be no
judgment.  Cunningham v. Parkdale Bank,
660 S.W.2d 810, 813 (Tex. 1983).  

In this case
there is no pleading to support the summary judgment granted. Accordingly, I
would sustain Ford's first issue presented. 
Because the issue is dispositive, I do not address the remaining
issues.  See Tex. R. App. P. 47.1.








III. 
Conclusion

Because I would hold that summary judgment
on an unpleaded cause of action is improper, I respectfully dissent.  

 

ERRLINDA CASTILLO

Justice

Dissenting Opinion delivered and filed

this 8th day of June, 2006.