Opinion issued August 14, 2007










Opinion
issued August 14, 2007

 

 

 

 




 
 
 
 
 




    


 

 

 

 

                                

In The

Court of Appeals

For The

First District of
Texas

 



 

NO. 01B07-00469-CV

 



 

IN RE KRISTIN PARKS, RELATOR

 



 

Original Proceeding on Petition for
Writ of Habeas Corpus

 



 

OPINION








Relator, Kristin
Parks, requests habeas corpus relief, asserting in three issues that she is
illegally restrained. We requested a response from Lawrence James Clark, the
real party in interest, but none was filed. 
Upon initial review of Parks=s petition, we
concluded that Parks demonstrated probable grounds for relief and released her
from confinement on bail during the pendency of this original proceeding.  We grant the requested relief.

Factual Background









In December 1997,
Parks and Clark were divorced.  In the
divorce decree they agreed to become joint managing conservators of their only
child, a daughter.  In March 2007, Clark
filed a motion for enforcement of the decree by contempt and alleged, among
other things, that on twelve separate occasions Parks had denied his rightful
access to the child.  In May 2007, after
hearing testimony from both Parks and Clark, the trial court found Parks had
violated the decree on at least five separate occasions by failing to allow
Clark or his adult designee (Clark=s present wife) to
have custody of their daughter for his scheduled period of possession.  The court held Parks in contempt of the
decree and, as punishment, immediately sentenced her to 180 days incarceration
for each of the five violations, to run concurrently.[1]  Important to Parks=s habeas request,
the trial court further ordered that Clark have possession of his daughter Auntil further
order of this court.@

 Standard of Review 

A habeas corpus
petition is a collateral attack on a judgment, the purpose of which is not to
determine the final guilt or innocence of the relator but to ascertain whether
the relator has been confined unlawfully.  Ex parte Gordon, 584 S.W.2d 686, 688 (Tex.
1979).  The presumption is that
the order is valid.  In re Turner,
177 S.W.3d 284, 288 (Tex.App.CHouston [1st
Dist.] 2005, orig. proceeding) (citing Ex parte Occhipenti, 796 S.W.2d
805, 809 (Tex.App.BHouston [1st Dist.] 1990, orig.
proceeding)).  We issue a writ of habeas
corpus if a trial court=s contempt order is beyond the court=s power or the
court did not afford the relator due process of law.  Turner, 177 S.W.3d at 288 (citing In
re Henry, 154 S.W.3d 594, 596 (Tex. 2005)). 
The relator bears the burden of showing that she is entitled to relief. Turner,
177 S.W.3d at 288 (citing Occhipenti, 796 S.W.2d at 808-09). 

I. Insufficient
Notice of Modification of the Custody Arrangement 








Parks contends
that, in Clark=s motion for contempt, he sought only
make-up sessions for the periods of possession that he missed when Parks failed
to relinquish custody of their daughter, the relief prescribed by the Texas
Family Code.  Tex. Fam. Code Ann. ' 157.168 (a)(1)
(Vernon 2002).  Clark did not seek
modification of the custody arrangement, nor did he request sole possession of
his daughter.  Thus, Park contends the
court overstepped its authority by granting Clark sole custody Auntil further
order of this Court@ because Parks did not have notice that
the court might modify the custody arrangement set forth in the divorce decree
beyond the make-up time requested by Clark. 
Parks contends that without proper notice, the court=s order of
contempt is invalid.  We agree.    

ADue process of law demands that before a
court can punish for a contempt not committed in its presence, the accused must
have full and complete notification of the subject matter, and the show cause
order or other means of notification must state when, how, and by what means
the defendant has been guilty of the alleged contempt.@  Ex parte Edgerly, 441 S.W.2d 514, 516
(Tex. 1969).  A constructive contemnor
must be given complete notification and a reasonable opportunity to meet the
charges by way of defense or explanation.  Gordon, 584 S.W.2d at 688.  A contempt judgment rendered without proper
notification is a nullity.  Id. (citing
Ex parte Ratliff, 117 Tex. 325, 327-28, 
3 S.W.2d 406, 407 (1928)).  Proper
notification includes notification, from the pleadings, of the relief that the
court may grant.  See Cunningham v.
Parkdale Bank, 660 S.W.2d 810, 812-13 (Tex. 1983); Barnett v. Barnett,
640 S.W.2d 776, 777 (Tex. App.CHouston [1st Dist]
1982, no writ).








A habeas proceeding is a collateral attack on the validity
of the petitioner=s confinement.  Gordon, 584 S.W.2d at 688.  In such a proceeding, a court of appeals has
jurisdiction to review a matter to the extent that it modifies or reforms
previous orders of the trial court without proper pleadings and evidence.  In re A.M., 974 S.W.2d 857, 861-62
(Tex. App.CSan Antonio 1998, no writ); Martin v.
Martin, 519 S.W.2d 900, 902 (Tex. Civ. App.CHouston [1st
Dist.] 1975, no writ); Seber v. Glass, 258 S.W.2d 122, 124 (Tex. Civ.
App.CFort Worth 1953,
no writ).  Without proper pleadings and
evidence a trial court exceeds its authority if it modifies or reforms previous
orders affecting the custody of a child. 
A.M., 974 S.W.2d at 861;Ex parte Karr, 663 S.W.2d 534, 539
(Tex. App.CAmarillo 1983, orig. proceeding);
Martin, 519 S.W.2d at 902.  When a
court=s judgment exceeds
its authority, a court may issue a writ of habeas corpus. Turner, 177
S.W.3d at 288.   

In this case,
the trial court=s order for commitment, in relevant
part, states: 

It is further ORDERED that
Respondent shall allow Movant additional periods of possession of or access to
a child to compensate for the denial of court-ordered possession or access as
follow: 

It is Ordered that Lawrence James
Clark shall have possession of Lauren Marie Parks-Clark beginning immediately,
until further order of this Court. Review hearing is set for August 16, 2007 at
9:00 a.m. 








The trial court erred in granting Clark open-ended
possession of the couple=s child beyond the period of Parks=s
confinement.  Nothing precludes a trial
court from making arrangements for custody while one parent is confined as
punishment for contempt.  A[T]he power to
punish for contempt is an essential element of judicial independence and
authority that enables courts to persuade parties to obey an order of the court
so that the order will not be rendered ineffectual by recalcitrant litigants.@  In re Office of the Attorney Gen., 215
S.W.3d 913, 915 (Tex. App.CFort Worth
2007).  When a court sentences one parent
to confinement for an extended period, then it may be in the best interest of
the child for the other parent to have sole possession of the child during
confinement.  Granting possession to
Clark, Auntil further
order of this Court,@ however, 
removed Parks as the primary conservator of the child for the period of
her confinement and beyond.  This was
outside the scope of the court=s authority at a
contempt proceeding, when the pleadings neither requested, nor even mentioned a
potential modification of the parties= agreed custody
arrangement. See A.M., 974 S.W.2d at 861; Karr, 663 S.W.2d at 539;
Martin, 519 S.W.2d at 902; Seber, 258 S.W.2d at 124.  

We conclude that the trial court failed to afford Parks
sufficient due process of law when it granted open-ended possession of the
child to Clark.

Conclusion








In modifying the custody arrangement in the divorce decree
without prior notice, and without limiting such a modification to make-up time
or to time necessary due to the exigencies of incarceration, the trial court
exceeded its contempt authority.  We
issue a writ of habeas corpus if a trial court=s contempt order
is beyond the court=s power or the court did not afford the
relator due process of law.  Turner,
177 S.W.3d at 288 (citing Henry, 154 S.W.3d at 596).  We therefore grant Parks=s request for
habeas corpus relief and order her to be unconditionally discharged from
restraint by the Sheriff of Harris County. 

 

Jane Bland

Justice

 

Panel consists of Justices Taft,
Hanks and Bland. 

 











[1]           The trial court struck language in
its commitment order that would have given the sheriff the authority to award Agood time@ credit to the relator.  It is not clear to us what the trial court
meant by this.  A trial court may exempt
a contemnor from credit for Agood time@ during coercive confinement.  Ex parte Acly, 711 S.W.2d 627, 628
(Tex.1986) (recognizing that good time credit does not apply to coercive civil
contempt orders).  However, we note that
a trial court has no authority to limit the operation of the good behavior
credit when committing a relator to confinement as punishment for
contempt.  Ex parte Roosth, 881
S.W.2d 300, 301 (Tex. 1994).  See
Kopeski v. Martin, 629 S.W.2d 743, 745 (Tex. Crim. App 1982).