# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00025-CV

**Audrey Arlene Nesbitt, Appellant**

**v.**

**Peter Daniel Nesbitt, Appellee**

### FROM THE COUNTY COURT AT LAW, BASTROP COUNTY
### NO. 02-07628, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Audrey Arlene Nesbitt appeals from the trial court's order that (1) found her in contempt for failure to comply with its prior orders regarding visitation and division of the marital estate, and (2) modified spousal maintenance. By seven of her eight issues, Ms. Nesbitt complains exclusively of the contempt portion of the order. Courts of appeals generally do not have jurisdiction to review contempt orders by way of direct appeal. *Texas Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *In re A.M.*, 974 S.W.2d 857, 861 (Tex. App.—San Antonio 1998, no pet.); *Metzger v. Sebek*, 892 S.W.2d 20, 54 (Tex. App.—Houston [1st Dist.] 1994, writ denied). This is true even when the contempt order is appealed along with an appealable judgment. *See In re Gonzalez*, 993 S.W.2d 147, 157 (Tex. App.—San Antonio 1999, no pet.); *Metzger,* 892 S.W.2d at 54. Contempt orders are reviewable only by original proceedings. If a contempt order does not involve confinement, it is reviewable by petition for writ of mandamus; if it does involve confinement, it is reviewable by petition for writ of habeas corpus. *See In re Long*,

984 S.W.2d 623, 625 (Tex. 1999). Accordingly, this Court lacks jurisdiction to consider Ms. Nesbitt's first seven issues attacking the contempt order.

By issue eight, Ms. Nesbitt complains of the portion of the district court's order that modifies spousal maintenance. The Nesbitts' divorce decree ordered Mr. Nesbitt to pay spousal maintenance to Ms. Nesbitt. At the hearing on Mr. Nesbitt's motion for contempt, the district court awarded Mr. Nesbitt a contempt judgment of $12,500 to compensate him for the value of the property Ms. Nesbitt had disposed of in violation of the court's prior orders regarding division of the marital estate and for his attorneys' fees related to the contempt proceedings. The district court then ordered a reduction in the spousal maintenance payments to be made by Mr. Nesbitt to offset the contempt judgment rendered in his favor. The court's order expressly reduced Mr. Nesbitt's monthly spousal maintenance payment "until the contempt judgment of $12,500.00 is paid to [Mr. Nesbitt]." Ms. Nesbitt contends that the modification of the maintenance order was improper because of a failure to comply with the statutory requirements of section 8.057 of the family code, *see* Tex. Fam. Code Ann. § 8.057 (West 2006), and because spousal maintenance is exempt personal property not subject to offset, *see* Tex. Prop. Code Ann. § 42.001(b) (3) (West Supp. 2008).[1]

We first consider this Court's jurisdiction to review the modification order. As already stated, we do not have jurisdiction to review a contempt proceeding by direct appeal. *Texas*

---

[1] Mr. Nesbitt contends that this issue is moot because the district court stayed the effect of this portion of the order pending further order of a bankruptcy court in which Ms. Nesbitt sought discharge of her debts. We disagree. While the district court's order is currently stayed, it is subject to reinstatement and continues to present a controversy between the parties who have a legally cognizable interest in the outcome. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005).

*Animal Health Comm'n*, 647 S.W.2d at 952. However, in the absence of appropriate pleadings and proof, the trial court "may not extend the scope of the contempt proceedings and by its order modify or reform previous orders of the court." *See Martin v. Martin*, 519 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1975, no writ). In *Martin*, the court concluded that it had jurisdiction to review the district court's modification of previous child custody orders because in so doing, the district court "purported to grant relief beyond the scope of the contempt proceedings." *Id.*; *see also In re Office of the Attorney General*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, no pet.) (contempt proceedings involve enforcement of courts' existing orders and enable courts to persuade parties to obey those orders).

The district court awarded Mr. Nesbitt a contempt judgment for Ms. Nesbitt's violation of its previous orders regarding the disposition of marital property, and ensured her future compliance by ordering ten days of confinement, suspended and probated for two years on the condition that she comply with the existing divorce decree. Without regard to its correctness, this action constituted an exercise of the district court's contempt powers to punish parties for failure to obey orders of the court and is not reviewable by direct appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001); *In re Office of the Attorney General*, 215 S.W.3d at 916 (contempt order not final judgment and there is no remedy by appeal).

The further order modifying the previous spousal maintenance order, however, simply provided a mechanism for Mr. Nesbitt to *collect* the contempt judgment. This order went beyond the scope of the contempt proceedings and therefore constitutes a final judgment reviewable by direct appeal. *See Martin*, 519 S.W.2d at 900; *Grace v. McCrary*, 390 S.W.2d 397, 398 (Tex. Civ.

3

App.—Waco 1965, writ dism'd) (appellate court had jurisdiction to review portion of order denying motion to reduce child support); *but see Smith v. Holder*, 756 S.W.2d 9, 10-11 (Tex. App.—El Paso 1988, no writ) (declining to review order modifying visitation in contempt proceeding because case involves direct appeal of contempt finding).

We review an order modifying spousal maintenance under an abuse of discretion standard. *See In re Marriage of Lendman*, 170 S.W.3d 894, 899 (Tex. App.—Texarkana 2005, no pet.); *Tyler v. Talburt*, No. 04-02-00245-CV, 2003 Tex. App. LEXIS 3674, at *1 (Tex. App.—San Antonio Apr. 30, 2003, no pet.) (mem. op.). A trial court abuses its discretion if it acts without reference to guiding rules and principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court must exercise its discretion in accordance with legal rules, principles, and criteria. *Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 936 (Tex. App.—Austin 1987, no writ) (citing *Brown v. Allen*, 344 U.S. 443, 496 (1953)).

Section 8.057 of the Texas Family Code provides the procedure by which a spousal maintenance order may be modified. *See* Tex. Fam. Code Ann. § 8.057 (West 2006). The following steps are statutory prerequisites to modification: (1) the filing of a motion to modify in the court that originally rendered the order; (2) notice given by service of citation in accordance with the rules of civil procedure applicable to the filing of an original lawsuit; (3) a hearing on the motion to modify; and (4) a finding of a material and substantial change in circumstances of either party. *See id.* § 8.057 (a), (b). Because it is apparent from the record that the statutory prerequisites for modification were not met, the district court acted without reference to the applicable legal rules and

4

criteria and therefore abused its discretion in modifying the spousal maintenance order. Consequently, we sustain Ms. Nesbitt's eighth issue.

## CONCLUSION

Because Ms. Nesbitt's first seven issues attempt to challenge the contempt order by direct appeal, this Court lacks jurisdiction to address them; they are dismissed. Having concluded that the district court's modification of the spousal maintenance order was improper, we sustain Ms. Nesbitt's eighth issue, reverse that portion of the trial court's order, and render judgment vacating the portion of the trial court's order modifying spousal maintenance.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Pemberton

Reversed and Rendered in Part; Dismissed in Part

Filed: July 1, 2009