TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00025-CV






Audrey Arlene Nesbitt, Appellant


v.


Peter Daniel Nesbitt, Appellee






FROM THE COUNTY COURT AT LAW, BASTROP COUNTY 

NO. 02-07628, HONORABLE BENTON ESKEW, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N

 Audrey Arlene Nesbitt appeals from the trial court's order that (1) found her in
contempt for failure to comply with its prior orders regarding visitation and division of the marital
estate, and (2) modified spousal maintenance. By seven of her eight issues, Ms. Nesbitt complains
exclusively of the contempt portion of the order. Courts of appeals generally do not have jurisdiction
to review contempt orders by way of direct appeal. Texas Animal Health Comm'n v. Nunley,
647 S.W.2d 951, 952 (Tex. 1983); In re A.M., 974 S.W.2d 857, 861 (Tex. App.--San Antonio 1998,
no pet.); Metzger v. Sebek, 892 S.W.2d 20, 54 (Tex. App.--Houston [1st Dist.] 1994, writ denied). 
This is true even when the contempt order is appealed along with an appealable judgment. 
See In re Gonzalez, 993 S.W.2d 147, 157 (Tex. App.--San Antonio 1999, no pet.); Metzger,
892 S.W.2d at 54. Contempt orders are reviewable only by original proceedings. If a contempt
order does not involve confinement, it is reviewable by petition for writ of mandamus; if it does
involve confinement, it is reviewable by petition for writ of habeas corpus. See In re Long,
984 S.W.2d 623, 625 (Tex. 1999). Accordingly, this Court lacks jurisdiction to consider
Ms. Nesbitt's first seven issues attacking the contempt order.

 By issue eight, Ms. Nesbitt complains of the portion of the district court's order that
modifies spousal maintenance. The Nesbitts' divorce decree ordered Mr. Nesbitt to pay spousal
maintenance to Ms. Nesbitt. At the hearing on Mr. Nesbitt's motion for contempt, the district court
awarded Mr. Nesbitt a contempt judgment of $12,500 to compensate him for the value of the
property Ms. Nesbitt had disposed of in violation of the court's prior orders regarding division of the
marital estate and for his attorneys' fees related to the contempt proceedings. The district court then
ordered a reduction in the spousal maintenance payments to be made by Mr. Nesbitt to offset the
contempt judgment rendered in his favor. The court's order expressly reduced Mr. Nesbitt's monthly
spousal maintenance payment "until the contempt judgment of $12,500.00 is paid to [Mr. Nesbitt]." 
Ms. Nesbitt contends that the modification of the maintenance order was improper because of a
failure to comply with the statutory requirements of section 8.057 of the family code, see Tex. Fam.
Code Ann. § 8.057 (West 2006), and because spousal maintenance is exempt personal property not
subject to offset, see Tex. Prop. Code Ann. § 42.001(b) (3) (West Supp. 2008). (1) 

 We first consider this Court's jurisdiction to review the modification order. As
already stated, we do not have jurisdiction to review a contempt proceeding by direct appeal. Texas
Animal Health Comm'n, 647 S.W.2d at 952. However, in the absence of appropriate pleadings and
proof, the trial court "may not extend the scope of the contempt proceedings and by its order modify
or reform previous orders of the court." See Martin v. Martin, 519 S.W.2d 900, 902 (Tex.
App.--Houston [1st Dist.] 1975, no writ). In Martin, the court concluded that it had jurisdiction to
review the district court's modification of previous child custody orders because in so doing, the
district court "purported to grant relief beyond the scope of the contempt proceedings." Id.; see also
In re Office of the Attorney General, 215 S.W.3d 913, 915 (Tex. App.--Fort Worth 2007, no pet.)
(contempt proceedings involve enforcement of courts' existing orders and enable courts to persuade
parties to obey those orders).

 The district court awarded Mr. Nesbitt a contempt judgment for Ms. Nesbitt's
violation of its previous orders regarding the disposition of marital property, and ensured her future
compliance by ordering ten days of confinement, suspended and probated for two years on the
condition that she comply with the existing divorce decree. Without regard to its correctness, this
action constituted an exercise of the district court's contempt powers to punish parties for failure to
obey orders of the court and is not reviewable by direct appeal. See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 192 (Tex. 2001); In re Office of the Attorney General, 215 S.W.3d at 916 (contempt
order not final judgment and there is no remedy by appeal). 

 The further order modifying the previous spousal maintenance order, however, simply
provided a mechanism for Mr. Nesbitt to collect the contempt judgment. This order went beyond
the scope of the contempt proceedings and therefore constitutes a final judgment reviewable by
direct appeal. See Martin, 519 S.W.2d at 900; Grace v. McCrary, 390 S.W.2d 397, 398 (Tex. Civ.
App.--Waco 1965, writ dism'd) (appellate court had jurisdiction to review portion of order denying
motion to reduce child support); but see Smith v. Holder, 756 S.W.2d 9, 10-11 (Tex. App.--El Paso
1988, no writ) (declining to review order modifying visitation in contempt proceeding because case
involves direct appeal of contempt finding).

 We review an order modifying spousal maintenance under an abuse of discretion
standard. See In re Marriage of Lendman, 170 S.W.3d 894, 899 (Tex. App.--Texarkana 2005, no
pet.); Tyler v. Talburt, No. 04-02-00245-CV, 2003 Tex. App. LEXIS 3674, at *1 (Tex. App.--San
Antonio Apr. 30, 2003, no pet.) (mem. op.). A trial court abuses its discretion if it acts without
reference to guiding rules and principles or in an arbitrary or unreasonable manner. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court must exercise
its discretion in accordance with legal rules, principles, and criteria. Landon v. Jean-Paul Budinger,
Inc., 724 S.W.2d 931, 936 (Tex. App.--Austin 1987, no writ) (citing Brown v. Allen, 344 U.S. 443,
496 (1953)). 

 Section 8.057 of the Texas Family Code provides the procedure by which a spousal
maintenance order may be modified. See Tex. Fam. Code Ann. § 8.057 (West 2006). The following
steps are statutory prerequisites to modification: (1) the filing of a motion to modify in the court that
originally rendered the order; (2) notice given by service of citation in accordance with the rules of
civil procedure applicable to the filing of an original lawsuit; (3) a hearing on the motion to modify;
and (4) a finding of a material and substantial change in circumstances of either party. 
See id. § 8.057 (a), (b). Because it is apparent from the record that the statutory prerequisites for
modification were not met, the district court acted without reference to the applicable legal rules and
criteria and therefore abused its discretion in modifying the spousal maintenance order. 
Consequently, we sustain Ms. Nesbitt's eighth issue.


CONCLUSION 

 Because Ms. Nesbitt's first seven issues attempt to challenge the contempt order by
direct appeal, this Court lacks jurisdiction to address them; they are dismissed. Having concluded
that the district court's modification of the spousal maintenance order was improper, we sustain Ms.
Nesbitt's eighth issue, reverse that portion of the trial court's order, and render judgment vacating
the portion of the trial court's order modifying spousal maintenance. 

 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Pemberton

Reversed and Rendered in Part; Dismissed in Part

Filed: July 1, 2009

1. Mr. Nesbitt contends that this issue is moot because the district court stayed the effect of
this portion of the order pending further order of a bankruptcy court in which Ms. Nesbitt sought
discharge of her debts. We disagree. While the district court's order is currently stayed, it is subject
to reinstatement and continues to present a controversy between the parties who have a legally
cognizable interest in the outcome. See Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642
(Tex. 2005).