Opinion issued February 24, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00700-CV

———————————

Micara Devers, Appellant

V.

Shyrill
Grays, Appellee



 



 

On Appeal from the 310th District Court 

Harris County, Texas



Trial Court Case No. 2006-64644

 



 

MEMORANDUM OPINION

          Appellant,
Micara Devers, attempts to appeal from an order holding her in contempt for
failing to comply with a custody order. 
Because we have no jurisdiction, we dismiss the appeal.

          On
May 11, 2010, the trial court signed a judgment holding Devers in contempt in
the underlying proceeding because of her failure to surrender the minor child,
L.G., to his father, appellee Shyrill Grays, as previously ordered.  Devers filed a notice of appeal from the judgment
of contempt.

      However,
decisions in contempt
proceedings are not appealable. Ex parte Williams, 690 S.W.2d 243 n. 1
(Tex. 1985); Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967); Metzger v. Sebek, 892 S.W.2d 20, 31-32
(Tex. App.—Houston [1st Dist.] 1994,writ denied); Mendez v.
Attorney Gen. of Texas, 761 S.W.2d 519, 521 (Tex. App.—Corpus Christi 1988,
no writ); Smith v. Holder, 756 S.W.2d 9, 10-11 (Tex. App.—El Paso 1988,
no writ); Gensco, Inc. v. Thomas, 609 S.W.2d 650, 651 (Tex. Civ. App.—San
Antonio 1980, no writ); Anderson v. Burleson, 583 S.W.2d 467
(Tex. Civ. App.—Houston [1st Dist.] 1979, no writ). 

The validity of a contempt order can be attacked only by a
writ of habeas corpus. Williams, 690 S.W.2d at 243 n. 1; Wagner v. Warnasch, 295 S.W.2d 890, 893
(Tex. 1956); Metzger, 892 S.W.2d at
31-32; Saenz v. Saenz, 756 S.W.2d 93, 95 (Tex. App.—San Antonio 1988, no
writ); Anderson, 583 S.W.2d at 467; but see Deramus v. Thornton, 160
Tex. 494, 497-98, 333 S.W.2d 824, 827 (1960) (stating that there may be
circumstances in some contempt proceedings that would make a remedy by habeas
corpus inadequate, and that would therefore implicate mandamus relief); Kidd
v. Lance, 794 S.W.2d 586, 587 n. 1 (Tex. App.—Austin 1990, orig.
proceeding) (citing Deramus and holding that mandamus is the “only”
available remedy where there is no order of confinement); International Ass’n
of Machinists & Aerospace Workers v. Axelson, Inc., 593 S.W.2d 362, 363
(Tex. Civ. App.—Texarkana 1979, no writ). 

Devers has filed neither a petition for writ of habeas
corpus nor a mandamus, but rather seeks to appeal the trial court’s contempt
order.  Because we have no jurisdiction
to consider it, we order the appeal dismissed.

PER
CURIAM

 

Panel
consists of Justices Keyes, Sharp, and Massengale.