**Ex parte Johnny GRIMES et ux.**

**No. B–1464.**

Supreme Court of Texas.

July 9, 1969.

Rehearing Denied July 30, 1969.

Fike, Hunter & Schultz, William Hunter, Dalhart, for relators.

Richards & Ferguson, Doyle Hanbury, Dalhart, John A. Courtney, Mobile, Ala., for respondent.

HAMILTON, Justice.

This is an original proceeding instituted in this Court by Johnny and Emily Grimes for a writ of habeas corpus to secure their release from confinement in the Dallam County Jail. Relators are held in custody pursuant to an order entered by the District Court for the 69th Judicial District on March 27, 1969. We released relators on bond pending our decision on the validity of their confinement.

The background facts of this child custody case are not unfamiliar to this Court. Barbara Jean Knowles and Jerry A. Knowles, paternal aunt and uncle of Christina Maria Sewell, were awarded custody of Christina by the Circuit Court of Mobile, Alabama on January 18, 1967. The Alabama judgment provided that Christina be permitted to visit her natural mother, Mrs. Emily Grimes, during the summer of 1967. Shortly after Christina arrived in Dalhart, Texas to visit her mother in accordance with the Alabama decree, Mrs. Grimes, joined by her husband Johnny (Christina's stepfather), filed suit in the Dallam County District Court

against Mr. and Mrs. Knowles seeking a change in the custody rights. Trial was to the court, which found that the Grimes had failed to discharge their burden of proving material change in conditions since the Alabama judgment. The court decreed that the "terms of the judgment of the Alabama Court shall be abided by all parties." The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the Grimes. Grimes v. Knowles, 431 S.W.2d 602 (Tex. Civ.App.—Amarillo, 1968). The opinion also reviewed the tragic history of this litigation, much of which antedates the Alabama case. We granted the Knowles' application for writ of error and, after submission, reversed the judgment of the Court of Civil Appeals and affirmed the judgment of the trial court. Knowles v. Grimes, 437 S.W.2d 816 (Tex.Sup.1969). After this court's rendition of this decision, the question of the legal custody of Christina Maria Sewell, upon the facts as they here stand, was closed. We agreed with the trial court that the Grimes had failed to establish a material change of conditions.

Our opinion was handed down on Wednesday, February 19, 1969, and mandate issued to the District Court on March 20, 1969. The Knowles, unable to obtain Christina from the Grimes, filed an application for writs of habeas corpus in the District Court of Dallam County. This procedure was in conformity with the true habeas corpus writ to release a person from an illegal restraint. On March 25, 1969, the District Court ordered the clerk to issue two writs of habeas corpus, one to Johnny and one to Emily Grimes. Accordingly, the clerk issued with the court's seal two writs which commanded the Grimes to "produce and have before" the District Judge "the person and body of Christina Maria Sewell whom it is alleged you illegally restrained of her liberty, when and where you will show cause why you said Christina Maria Sewell in custody and restrain her of her liberty." A hearing on

these writs was set for March 27, 1969. Relators appeared in court at the appointed time but failed to produce Christina as directed by the writs. The District Court, after providing relators with an opportunity to be heard, found the relators had refused to answer the writ of habeas corpus by producing the child, and "Ordered, Adjudged and Decreed that Emily Grimes and Johnny Grimes be confined in the County jail of Dallam County, Texas until such time as they obey the Writs of Habeas Corpus. * * *" The District Court then, by written order, commanded the relators' arrest and confinement. The Sheriff of Dallam County by his return showed that he promptly arrested the relators and placed them in the Dallam County jail.

The relators contend that the judgment ordering them confined is void. As a basis for this contention, the relators maintain that the judgment against them was punishment for constructive contempt, and that they were not given the due process protection which punishment for contempt necessitates.

█ It is our view, however, that the District Court was enforcing the provisions of Art. 11.29, Tex.Code Crim.P.Ann. (1965), which requires that persons on whom writs of habeas corpus are served shall immediately obey such writs. When the relators refused to produce the person of Christina Maria Sewell as the writs commanded, the judge ordered them committed to jail in accordance with Art. 11.-34, Tex.Code Crim.P.Ann. (1965). This procedure shows that the judge was not punishing the relators for contempt, and the relators contention that the due process requirements in constructive contempt punishment were not met is beside the point. The judge was rather seeking to enforce the judgment of his court and this court by means of the habeas corpus procedure delineated in Article 11 of the Texas Code of Criminal Procedure. This Court can find no improper deviation from that

**252**

procedure by the District Court and its order is therefore adjudged legal.

■ Relator Johnny Grimes has also filed an affidavit in this Court stating that he does not know the whereabouts of Christina and thus he is unable to comply with the writ of habeas corpus. We have held that inability to perform a judgment of the court renders a commitment void. Ex parte Thetford, 369 S.W.2d 924, 926 (Tex.Sup.1963), Ex parte DeWees, 146 Tex. 564, 210 S.W.2d 145 (1948). However, it is also well settled that this Court will presume, on review, that the trial court found that the relator had the ability to perform its judgment. Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884, 887 (1957). It is true, however, that this presumption can be met by the presentation of a record that proves the contrary. But relator Johnny Grimes has not made such a showing here, and the District Court was entitled to disbelieve him. Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938 (1961).

■ The relators also contend that there was no written order of commitment and therefore their confinement is illegal. It is true that Art. 11.34, Tex.Code Crim. P.Ann. (1965), requires that if a person refuses to obey a writ of habeas corpus before the court or judge, he shall be committed to jail; further it is true that this provision does not relieve a judge or court from entering a written order of commitment. But as previously pointed out, the judgment ordered the relators "confined in the County Jail of Dallam County, Texas until such time as they obey the writs of Habeas Corpus. * * *" After this judgment was rendered, the court by written order commanded the relators' arrest by any peace officer, and that they be safely kept before the District Court of Dallam County, "then and there to answer A Writ of Habeas Corpus issued under orders of this Court." The sheriff promptly completed returns showing that they were arrested at 11 o'clock A.M. on March 27, 1969, and the relators were placed in the Dallam County jail.

By this written order and the judgment ordering relators' confinement in the Dallam County jail, the District Court conferred written authority on a ministerial officer of the State of Texas to arrest and confine the relators. There is no complaint here that relators were not confined in the Dallam County jail in accordance with this written authority. As there is no particular form required by law for a commitment order, it is this Court's opinion that the requirements of a written order of commitment have been substantially met in this case. Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884, 886 (1957); Ex parte Palmeteer, 150 Tex. 510, 243 S.W.2d 160, 161 (1951).

Consistent with the above holdings the relators are remanded to the custody of the Sheriff of Dallam County.

WALKER, Justice (dissenting).

The following is the "Writ of Commitment" which the Court holds to be sufficient:

"THE STATE OF TEXAS,

To any Peace Officer of the State of Texas—

Greeting:

You are Hereby Commanded to Arrest Emily Grimes and her safely keep, so that you have her before the Honorable District Court of Dallam County, Texas, at the Court House of said County, in the City of Dalhart, instanter, then and there to answer a Writ of Habeas Corpus issued under orders of this Court.

Herein Fail Not, but due return make hereof as the law directs.

Witness my signature and official seal, on this the 27th day of March, A.D. 1969.

/s/ Betty Steele
Clerk, Dist. Court of
Dallam County, Texas."

Mr. Grimes is being held under a similar writ. These obviously are nothing more than warrants directing that relators be arrested and brought before the court as provided by Article 11.34, Vernon's Ann. C.C.P. They do not constitute writs of commitment authorizing relators to be held in jail until they are willing to obey the writ of habeas corpus. Since relators are not held under proper writs of commitment, it is my opinion that their restraint is illegal. I would order them discharged.

McGEE, J., joins in this dissent.