Allie B. MARTIN, Sr., Appellant,

v.

Carole MARTIN, Appellee.

No. 16474.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 24, 1975.

Smith, Schulman, Rawitscher & Wettman, Bruce W. Wettman, Houston, for appellant.

EVANS, Justice.

On November 20, 1974 the Court of Domestic Relations No. 3 of Harris County, Texas, held appellant, Allie B. Martin, Sr., to be in contempt of a prior order of the court by reason of Martin's failure to return his son, Allie B. Martin, Jr., to the custody of Martin's former wife, Carole Martin Yarborough, upon expiration of the period of visitation specified in the order. The court ordered Martin confined for a period of thirty days but specified that he might purge himself of the contempt by paying costs and attorney's fees as decreed by the court, and provided that he did not cause the child to be removed from Harris County within two years from the date of the order except upon order of the court. The contempt order also provided that Martin's visitation privileges were suspended until June 1, 1975, and designated the details of the visitation privileges he would have upon their reinstatement. The order further provided for Martin to commence making child support payments in accordance with earlier orders of the court and stated that "any act or omission" by Martin within two years from the date of the entry of the order contrary to its terms would cause writ of commitment to issue without further application.

In Martin v. Martin, 519 S.W.2d 900 (Tex.Civ.App.1975), we held that this court had jurisdiction to review the contempt order insofar as it is purported to modify or reform previous orders of the court as to the custody of the child, and directed that the order be suspended pursuant to Section 11.19, Texas Family Code, V.T.C.A., pending further order of this

court, insofar as its provisions with respect to child custody and visitation privileges constituted a modification or reformation of orders previously entered by the court as to such matters.

 Section 14.08 of the Texas Family Code sets forth the procedure by which a party affected by court order establishing the terms and conditions for access to the child may petition the court for modification of that order. The section provides that such petition must allege that the circumstances of the child have materially changed since the entry of the original order and that the facts supporting these allegations must be sworn to by the party seeking modification. The section further provides for hearing of the matter and requires notice to all parties. The record of the case before us contains no pleading which would satisfy the requirements of this statute and which would notify Allie B. Martin, Sr. that a hearing would be held as to such matters. A review of the statement of facts reflects that no evidence was offered with respect to these matters. Under the circumstances present here, we hold the trial court was without authority to modify or reform the terms of the visitation privileges set out in its former order. Martin v. Martin, supra; Seber v. Glass, 258 S.W.2d 122 (Tex.Civ.App.— Fort Worth 1953, no writ); Livingston v. Nealy, 382 S.W.2d 511 (Tex.Civ.App.— Corpus Christi 1964, ref'd n. r. e.).

 The trial court did have authority to determine if Allie B. Martin, Sr. had violated its order concerning visitation privileges and upon finding that he had, to adjudge him in contempt and to fix his punishment by confinement for a period of thirty days with provision that he might purge himself by paying costs and attorney's fees as decreed. The trial court's order in that respect was proper and was nonappealable, so we take no action as to that portion of the order. The trial court was without authority, however, to enter the remainder of its order and that portion of its order is reversed and rendered. Costs are taxed against Carole Martin Yarborough.