**Ex parte Joanne BROOKS, Relator.**

**No. 1440.**

Court of Civil Appeals of Texas, Tyler.

July 31, 1980.

R. L. Whitehead, Jr., Whitehead–Beckworth, Longview, for appellant.

Ebb Mobley, Mobley, Green, Harrison & Gardner, Longview, for appellee.

McKAY, Justice.

This is an original habeas corpus proceeding brought pursuant to Art. 1824a, T.R.C.S., in which relator, Joanne Brooks, seeks release from the custody of the Sheriff of Gregg County. Contemporaneously with the granting of the writ of habeas corpus we ordered relator released on bail pending determination of this proceeding.

On April 15, 1980, a hearing was held by the judge of the 307th District Court of Gregg County on a Motion to Modify a Prior Order filed by relator's former husband, Withold Mosolowski, concerning visitation of the minor children of the parties. After a hearing the court pronounced judgment and altered the visitation privileges to provide that the father would have possession of and access to the two children "On the 1st and 3rd Saturdays of each month from 9:00 a. m. to 7:00 p. m., starting April 19, 1980." There were other times specified for the children to be with their father with which we are not concerned.

The Order Modifying Prior Order was reduced to writing and was signed and filed on June 10, 1980. On the following day, June 11, 1980, the father filed a Motion for Contempt against relator contending that relator disobeyed the Order by refusing to surrender the children to the father as Possessory Conservator "on the first Saturday in June, 1980, the same being June 7, 1980."

Relator filed a Response to the Motion for Contempt, and a hearing was held on July 10, 1980, after which hearing the court found relator was in contempt of court and

set her punishment at "imprisonment in the Gregg County jail for a period of thirty (30) days, and a fine of $500.00, together with payment of all costs herein." The court also awarded an attorney's fee of $250.00. A Judgment of Contempt and a Writ were signed on June 18, 1980, and filed that date.

Mr. Mosolowski was the only witness at the contempt hearing, and he testified that he went to relator's residence on June 7, 1980, to pick up his daughter "and found that they had moved." He testified the son had previously notified him he was in camp. He reached the conclusion that they had moved because the house was empty and painters were there working. There was no other evidence as to whether relator refused to surrender the daughter to her father on June 7, 1980.

The order with which relator has been held in contempt for violating provided "The Managing Conservator is ordered to surrender the children to the Possessory Conservator at the beginning of each period of possession."

Relator complains that the judgment of contempt is void: (1) because it fails to order the punishment to be assessed; (2) because it fails to describe with clarity the conduct required of relator in order to purge herself of contempt; (3) because, as a matter of law, relator was unable to purge herself of contempt at the time of the hearing; and, (4) because it is ambiguous.

The Judgment of Contempt reads in part as follows:

"The Court finds that Joanne Brooks as Managing Conservator, willfully failed to surrender Craig F. Mosolowski and Karyn L. Mosolowski to Withold Mosolowski as Possessory Conservator on June 7, 1980, at 9:00 a. m., for visitation ordered by this Court in the ORDER MODIFYING PRIOR ORDER rendered April 15, 1980, in the cause, as recorded in Vol. 166, Page 230–232 of the Minutes of this Court and as taken notice of by the Court during this hearing.

"The Court finds that such failure consisted and constituted a contempt of this Court, and that Joanne Brooks should be punished therefor, as well as coercively confined until she should purge herself of such contempt.

"The punishment for such contempt is here fixed by the Court at imprisonment in the Gregg County jail for a period of thirty (30) days, and a fine of $500.00, together with payment of all costs herein."

The remaining part of the judgment provided for judgment in the amount of $250.00 against Joanne Brooks for attorneys' fee, and that an attachment and commitment shall issue.

There is no commitment in the judgment. In a writ addressed to the Sheriff of Gregg County, the Sheriff was "commanded to receive, take into custody and confine within the jail of your County, Joanne Brooks, who is hereby committed to the said jail for the offense of contempt of court, as shown by the attached copy of the Order of the 307th Family District Court attached hereto and made a part hereof." It also provided that she should be released "when all the conditions of the attached order have been met."

The judgment of contempt sets out that Joanne Brooks is guilty of contempt for failure to surrender the named minors to the Possessory Conservator, and further states that such act constituted contempt of court, and that she should be punished "as well as coercively confined until she should purge herself of such contempt." The judgment then fixes the punishment at imprisonment for 30 days and a fine of $500.00. However, the judgment does not order the punishment to be assessed. It simply finds that relator failed to surrender both minors on June 7, 1980; that such failure was contempt; and that punishment "*is here fixed*" at imprisonment and a fine. There is no order or decree assessing such punishment against relator. Such judgment is incomplete in that it makes no disposition of the person sought to be held in contempt. 39A C.J.S. Habeas Corpus § 221b, p. 201.

**466**

The order of the court of which relator has been held to be in contempt orders that she "surrender the children to the Possessory Conservator at the beginning of each period of possession." The record before us does not indicate nor prove that she refused to surrender either minor. The son was then away from home at camp, and he had called his father and advised him of that fact. The only facts developed on the hearing were that the Possessory Conservator went to the residence where relator and the minors had been residing and found that they had moved. She had not been ordered not to move, nor had she been ordered to notify the Possessory Conservator of any new address. The proof in the record does not show that relator disobeyed the court order by refusing to surrender the minors. She could not have surrendered Craig Mosolowski because he was away at camp. The trial court had no power to order coercive imprisonment where it is shown conclusively that she was unable to perform the order of the court. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967); *Ex parte De Wees*, 146 Tex. 564, 210 S.W.2d 145, 146–7 (1948).

As pointed out in *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967) in order to hold a person in contempt for disobeying a court decree such decree must set out the manner and details of compliance in clear, specific and unambiguous language so that such person will know with some degree of certainty what duties and obligations are imposed upon him or her. The rights of the parties should not rest on implication or conjecture, but the language of the decree should be clear, specific and unequivocal so the parties will not be misled. *Ex parte Slavin*, supra. In our view the order to surrender the minors was not clear and specific and precise enough to hold the relator in contempt under the record here.

The judgment of contempt provides that relator should be "coercively confined until she should purge herself of such contempt." The contempt for which the court decreed that she be punished was failure to surrender the minors on June 7, 1980. At the time the judgment was rendered [July 18, 1980] it was then impossible for relator to surrender the minor on June 7, 1980. However, the judgment does not set out whether she could purge herself of contempt by serving a 30 day jail sentence and paying a $500.00 fine, or by doing either. Additionally, the writ directed to the Sheriff provides that "the said contemner (sic) shall be released from your custody when all the conditions of the said attached order shall have been met."

We are of the opinion that the Judgment of Contempt was ambiguous as to how relator could, if she could at all, purge herself of contempt. Likewise, the writ directed to the Sheriff was ambiguous inasmuch as the Sheriff would not know whether relator had purged herself of contempt if such was possible. In our view the judgment is void.

For the reasons set out the relator is ordered discharged, and she and her sureties are discharged from obligation under her bail bond.