**Ex parte Nancy Jane KARR, Relator.**

**Nos. 07–83–0290–CV, 07–83–0301–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 28, 1983.

Art B. Lara, Jr., Law Offices of Art B. Lara, Jr., Amarillo, for relator.

Thomas V. Priolo, Miller, Priolo & Herring, Amarillo, for respondent.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

In an original habeas corpus proceeding, our Cause No. 07–83–0290–CV, relator Nancy Jane Karr seeks her release from an alleged illegal confinement in jail by virtue of a written order of commitment for contempt of court. The commitment issued upon the trial court's adjudication of relator's contempt for refusing to obey the court's prior order decreeing access by her former husband, Faron Ray Jordan, to their child on designated weekends. We provided for relator's release on proper bond pending our determination of the validity of the judgment ordering her confined.

Shortly before the scheduled accelerated submission of the habeas corpus matter, relator filed, as another original proceeding in our Cause No. 07–83–0301–CV, her application for the suspension of the portion of the court's contempt judgment wherein the court ordered that respondent Faron Ray Jordan shall have access to the child from 7 November to 19 December 1983 to compensate for the visitation relator denied him. The premise for the suspension application is that, although an appeal has been taken in another cause from the extended access portion of the contempt judgment, the appeal will become moot unless the suspension is granted, because the period of access will expire before the appeal can be submitted and determined.

Submission of both original proceedings was had at the same time. On the rationale hereafter expressed, we conclude that: the habeas corpus relief requested in our Cause No. 07–82–0290–CV is denied; the suspension order requested in our Cause No. 07–83–0301–CV is granted.

*No. 07–82–0290–CV—Habeas Corpus*

By its prior 7 December 1981 modification order, the trial court decreed, *inter alia,* that respondent Faron Ray Jordan shall have possession of the child

On the first and third weekends of each month, from 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday, commencing on December 18, 1981.

Respondent moved the court to hold relator Nancy Jane Karr, formerly Nancy Jane Jordan, in contempt for disobeying the court's order by failing to surrender the child to him on eight designated weekends between the period 18 June 1982 and 4 September 1983.

Following a hearing attended by relator, respondent and their respective counsel, the court found, on the evidence adduced, that relator had willfully and contemptuously disobeyed the court's order by failing to surrender the child to respondent on six separate occasions during the 18 June 1982 to 4 September 1983 period. The court, adjudging relator in contempt of court for each of the six separate violations, ordered that she be punished by confinement in the county jail of Potter County for a period of fifteen (15) days on each contemptuous act, but that each period of confinement shall run and be satisfied concurrently.

The court further found that a reasonable fee to pay relator's attorney is $750, which was assessed as court costs. The court then further ordered that relator be confined in jail until she has paid the $750 fee, together with $89 costs of the proceeding.

In her habeas corpus proceeding, relator makes a five-pronged attack on the judgment of contempt. In essence, she contends that the judgment is void because the order she was found to have violated is so vague,

unintelligible and ambiguous as to be void; there is no evidence and factually insufficient evidence that she willfully, intentionally, flagrantly and contemptuously failed to surrender the child to respondent; and the court had no authority to confine her until she paid the assessed attorney's fees and court costs.

■ An original habeas corpus proceeding is a collateral attack upon the contempt judgment; therefore, the relator, to be accorded relief, must convince the appellate court that the order is void. *Ex parte Dustman,* 538 S.W.2d 409, 410 (Tex.1976). Relator submits that the judgment is void because the underlying access order lacks the certainty required by *Ex parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967). The uncertainty obtains, she argues, because the order does not contain the specifics of delivery of possession of the child, such as the place to surrender the child, what advance notice before, or waiting time after, 6:00 p.m. is required, and the definition of a "weekend" so one can determine which are the first and third weekends of each month.

■ Indisputably, for one to be held in contempt for disobeying a court order, the order must be clear, specific and unambiguous enough that one will readily know what duties or obligations are imposed upon him or her. *Ex parte Slavin, supra.* Yet, the order is not required to be concerned with duties or obligations envisioned in the abstract, particularly in decreeing child access rights and privileges, for it may take longer to write the order, which might thereby become unintelligible and self-destructive, than it would take to try the cause. *Accord, San Antonio Bar Ass'n v. Guardian Abstract & Title Co.,* 156 Tex. 7, 291 S.W.2d 697, 702 (1956). In this connection, it long has been the law that one may not place a questionable or technical construction upon an order and then act upon that construction with impunity. *Edrington v. Pridham,* 65 Tex. 612, 617 (1886).

■ When the contested order is tested by these principles, we find that it is definite in clearly specifying the rights and privileges of access to the child. The order is clear that respondent is to have access to the child at 6:00 p.m. on the first Friday and on the third Friday in each month, with each access period lasting until 6:00 p.m. on the following Sunday. Indeed, the parents observed this scheduled access without question until a difficulty, unrelated to the dates or time of access, arose more than six months after the order was signed. Relator's first two contentions that the order is void are overruled.

■ Relator's next two contentions challenge the evidential support for the court's findings of the six separate contemptuous violations of the access order. She says that the evidence on which the court found she committed constructive criminal contempt fails to meet the *Ex parte Cragg,* 133 Tex.Cr.R. 118, 109 S.W.2d 479, 481 (1937), standard of proof beyond a reasonable doubt. However, since the contempt judgment before us was rendered because of the violation of an order in a civil cause, our original habeas corpus jurisdiction is concurrent with that of the Supreme Court. Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp.1982–1983); *Ex parte Hosken,* 480 S.W.2d 18, 23–24 (Tex.Civ.App. —Beaumont 1972, no writ). Thus, with respect to relator's legal and factual insufficiency contentions, we do not have jurisdiction to weigh the evidence adduced in the contempt proceeding; we may only determine if the court's contempt findings are so completely without evidential support as to render the court's judgment void on the ground that it deprives relator of her liberty without due process of law. *Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 186 (1953).

■ It is unnecessary to summarize the evidence, much of which is contradictory, bearing on the six occasions cited in the court's contempt judgment; it suffices to record that it is undisputed that on two of the occasions, 19 August 1983 and 2 September 1983, the child remained in the possession of relator when, under the court's order, respondent was entitled to access to him. Respondent testified that he was re-

fused possession of the child; the Karrs testified that respondent agreed with Mr. Karr, who relator acknowledged spoke for her, that the child could remain on both dates to, respectively, play with visiting cousins and go dove hunting with Mr. Karr. According the trial court the right, as we must, to judge the credibility of the witnesses and the weight to be given their testimony, *see Ex parte Elmore,* 161 Tex. 585, 342 S.W.2d 558, 561 (1961), we cannot say the court's findings of contempt on those dates are completely without evidential support. Moreover, the evidential sequence serves to emphasize, rather than to negate, the court's conclusion that each denial of access found was a deliberate, contemptuous violation of the court's order: on each of the first three Fridays in October of 1983, albeit dates not embraced by the pleadings or the court's judgment, respondent was denied access to the child on the ground that each was the wrong weekend for access.

 Inasmuch as the confinements separately assessed as punishment for each violation found are to be served concurrently, one valid adjudication of contempt will sustain the period of confinement imposed for the contempt. *Accord, Ex parte Grothe,* 581 S.W.2d 296 (Tex.Civ.App.—Austin 1979, no writ). The evidential contentions are overruled.

In disposing of relator's first four contentions, we have not been unmindful of *Ex parte Brooks,* 604 S.W.2d 463 (Tex.Civ.App. —Tyler 1980, no writ), upon which relator relies to support her contentions that the access order is void and the evidence is insufficient to support the contempt findings. The *Brooks* court held the visitation order it reviewed, albeit similar to the one before us, "was not clear and specific and precise enough to hold the relator in contempt under the record here," the proof in which "does not show that relator disobeyed the court order by refusing to surrender the minors." *Id.* at 466. *Brooks* is readily distinguishable from the record before us, because our record contains proof that relator disobeyed a definite court order for access by refusing to permit access to the child.

 Lastly, relator contends that the portion of the court's contempt judgment which orders her further confinement until she pays the court costs, including the attorney's fees assessed as court costs, is void as we held in *Ex parte Rogers,* 633 S.W.2d 666, 671 (Tex.App.—Amarillo 1982, no writ). Respondent candidly concedes the contention is correct. Therefore, we sustain the contention and apply the *Rogers* holding, decreeing void that portion of the contempt judgment ordering relator further confined until she pays the assessed court costs. However, this decree does not vitiate the remainder of the contempt judgment. *See, e.g., Ex parte Turner,* 478 S.W.2d 256, 258 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ).

Accordingly, it is ordered that relator be remanded to the sheriff of Potter County to be by him confined until she shall have served the fifteen (15) days commitment ordered by the trial court.

*No. 07–83–0301–CV—Suspension*

In initiating the contempt proceeding, respondent also included in his prayer a request for a further remedy of modification of visitation for eight additional weekends before the end of 1983 to compensate him for those times when he was wrongfully denied access to the child. After the hearing, the court included in its judgment of contempt this decree:

IT IS FURTHER ORDERED that the Possessory Conservator [respondent Faron Ray Jordan] of the child, JUSTIN RAY JORDAN be, and the same is hereby awarded access to FARON RAY JORDAN, to compensate for visitation denied, by having possession of the child from 12:00 noon, November 7th, 1983, through December 19th, 1983.

Relator has certified that she has taken an appeal from this portion of the judgment, and respondent has not disputed the certification.

In the interim, she has applied for a suspension of that part of the judgment on

the premise that unless the suspension is granted, her appeal will become moot because the period of the ordered extended access will expire before her appeal can be heard and determined. Her grounds for the suspension are, in brief, there was no proper pleading for modification of visitation, a lack of notice to her that the court would consider the modification issue at the contempt hearing, and no evidence was adduced bearing on a change in the circumstances of the parties or the best interest of the child.

Although we are without jurisdiction to review a contempt proceeding by appeal, *Tims v. Tims,* 204 S.W.2d 995 (Tex. Civ.App.—Amarillo 1947, writ ref'd), we do have the authority to review the contempt judgment insofar as it purports to modify previous child custody and visitation orders under the Texas Family Code. *Martin v. Martin,* 523 S.W.2d 252, 252–53 (Tex.Civ. App.—Houston [1st Dist.] 1975, no writ). *Martin* holds that absent the sworn factual pleadings and notice required by section 14.08 of the Texas Family Code as the procedural basis for modification of an access order to the child, together with a lack of evidence showing that the circumstances of the child have materially changed since the entry of the previous order, the trial court is without authority to modify its former order.

The record before us fails to show the required pleadings, notice and evidence. Moreover, the decree rendered fails to conform to the pleadings that were before the court. *See* Tex.R.Civ.Pro. 301. We, therefore, apply the *Martin* holding and decree that, on the record before us, the court was without authority to modify its prior access order in this contempt proceeding.

We, accordingly, order that the modification portion of the judgment of contempt be, and it is hereby, suspended pending a determination of that matter in the separate appeal relator has perfected.