NO. 07-02-0437-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 20, 2002



______________________________




EX PARTE SHANNON RENEE LUSTER, RELATOR






_________________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 By this original proceeding, relator Shannon Renee Luster seeks a writ of habeas
corpus securing a release from confinement ordered by the trial court upon hearing a
motion for contempt. By order dated October 25, 2002, this Court granted Shannon
temporary relief upon making a personal recognizance bond pending determination of this
proceeding. Now, after submission, we order her discharged from custody for the reasons
expressed herein without prejudice to future enforcement proceedings.

 The underlying suit is a divorce proceeding instituted by real party in interest Chris
Luster seeking a divorce from Shannon and custody of their minor child. (1) William Darell
Luster and Lynn Lee Luster (paternal grandparents) intervened in the divorce proceeding
seeking conservatorship and temporary custody of the minor child and other relief. Before
rendition of any orders, pursuant to Chris's motion for nonsuit, the trial court dismissed the
proceeding. However, the trial court later signed temporary orders granting possession of
the child to the paternal grandparents. Due to Shannon's alleged inability to comply with
the trial court's temporary orders, by order dated October 21, 2002, she was found to be
in violation of a writ of habeas corpus requiring her to produce the minor child and held in
contempt. The trial court ordered Shannon's confinement in the Carson County Jail until
she produced the child to the court or to the sheriff.

 At the hearing on the paternal grandparents' petition for writ of habeas corpus,
Shannon offered certified copies of pleadings and orders from a proceeding in Oklahoma
instituted by the child's maternal grandparents seeking guardianship of the child. However,
the trial court refused to admit the certified copies into evidence. Shannon's tender of
documents per her bill of exception included certified copes of (1) a Petition for Letters of
Guardianship filed October 4, 2002, alleging, among other things, that the child had been
in their custody in Oklahoma since July 2002, (2) an Application for Emergency Order, (3)
an Order for Hearing, and (4) an Order signed October 7, 2002, providing:

 Now, on this 7th day of October 2002, this matter comes on before
the undersigned Judge of the District Court, upon the Application of the
Petitioner for an Emergency Order. The Court, after being well and truly
advised in the premises, and upon hearing evidence of Petitioner sworn in
open court, the Court finds as follows:

 That an emergency exists based upon the situation.

 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the
Court that the custody of the minor child is to the Petitioner until further order
of this Court.

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court
that the [petitioner] may enlist the assistance of any law enforcement officials
for the State of Oklahoma or County of McIntosh in the execution of this
Order. 

(Emphasis added).


 Shannon presents six issues in support of her petition for writ of habeas corpus. 
However, because our disposition of issue five pretermits our consideration of the
remaining issues, we limit our consideration to her contention that the trial court erred in
failing to allow certified copies of the Oklahoma orders in pleadings on file in the Oklahoma
case to be entered into evidence at her hearing on the contempt motion and writ of habeas
corpus. By their response, the paternal grandparents now concede that the trial court's
exclusion of the certified copies of pleadings and orders of the Oklahoma proceeding was
error. At the contempt hearing, relator contended, as she does here, that she was
deprived of the evidence necessary to demonstrate that enforcement of the Texas order
by contempt placed her in a dilemma because her compliance with the Texas order would
cause her to violate the Oklahoma order, which, according to the last paragraph, was self-executing by Oklahoma law enforcement officials.

 In this original habeas corpus proceeding, we do not weigh the evidence offered,
but instead accord to the trial court the right to judge the witnesses' credibility and the
testimonial weight. See Ex parte Elmore, 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig.
proceeding); Ex parte Karr, 663 S.W.2d 534, 538 (Tex.App.--Amarillo 1983, no writ) (orig.
proceeding). As stated in Ex parte Roan, 887 S.W.2d 462, 463 (Tex.App.--Dallas 1994,
no writ) (orig. proceeding), we do not review the sufficiency of the evidence to support the
trial court's action. 

 Where it is not within the power of a person to perform the act which alone will purge
him of contempt, the court is without power to imprison him for an indefinite term as
punishment for an offense already committed. See Ex parte De Wees, 146 Tex. 564, 210
S.W.2d 145, 147 (1948) (orig. proceeding). A presumption exists that the relator has the
ability to perform a court's judgment; however, it is rebuttable by evidence to the contrary. 
Ex parte Grimes, 443 S.W.2d 250, 252 (Tex. 1969) (orig. proceeding). Shannon was
entitled to introduce the evidence along with whatever evidence she had to overcome the
presumption.

 For Shannon to be entitled to the habeas corpus relief, the trial court's order must
be void, either because it was beyond the power of the court or because it deprived her of
liberty without due process of law. Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980). 
Involuntary inability to comply with an order is a valid defense to criminal contempt. Ex
parte Chambers, 898 S.W.2d 257, 261 (Tex. 1995). Thus, Shannon was entitled to
introduce the certified copies of the Oklahoma documents into evidence for consideration
by the trial court. We hold that the error in excluding the evidence denied her due process
of law. Without expressing any opinion as to the other issues presented by Shannon, we
grant the writ of habeas corpus and order Shannon released from custody without
prejudice to future enforcement proceedings.

 Accordingly, Shannon Renee Luster is ordered discharged from custody and she
and her sureties are ordered released from the bond executed to secure her interim
release from custody.

 Don H. Reavis

 Justice

Do not publish. 
1. The underlying proceeding in the 100th District Court of Carson County bears
cause number 9204 and is styled In the Matter of the Marriage of Christopher Luster and
Shannon Renee Luster, and In the Interest of Christyn Shanae' Luster, A Minor Child. 



g 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-00171-CR and 07-10-00172-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
4, 2011

 



 

GREGORIO RODRIGUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE COUNTY COURT AT LAW NO. 2

 

AND THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NOS. 2009-455,818, 2009-458,190, 2009-425,597, 2009-422,825;

 

HONORABLE CECIL PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

In each of these four appeals,
appellant Gregorio Rodriguez appeals his conviction on an open plea of guilty
and resulting sentence.

Offenses
committed on December 21, 2008:

In appellate case number 07-10-0172-CR, appellant was convicted of
evading arrest or detention with a vehicle and sentenced to 18 months in a
state jail facility;[1]

In appellate case number 07-10-0122-CR, appellant was convicted of
possession of marijuana of less than two ounces in a drug free zone and
sentenced to 12 months in the Lubbock County Jail.[2]

Offenses committed on October 25,
2009:

In appellate case number 07-10-0171-CR, appellant was convicted of
possession of a controlled substance listed in penalty group 1, cocaine of less
than one gram and sentenced to 24 months in a state jail facility;[3]

In appellate case number 07-10-0123-CR, appellant was convicted of
driving while intoxicated and sentenced to 6 months in the Lubbock County Jail.[4]

In each case, appellants
court-appointed appellate attorney has filed a motion to withdraw from
representation supported by an Anders
brief.[5]  Agreeing with counsels conclusion that the
record fails to show any arguably meritorious issue capable of supporting an
appeal, we grant the motion to withdraw in each case and affirm the trial
courts judgments.

Punishment hearing testimony showed
that on December 21, 2008, a police officer saw a vehicle driving
erratically.  The officer attempted a
traffic stop.  As the officer followed
the vehicle, he saw a person leap from the vehicle while it remained in
motion.  The vehicle then jumped a curb,
knocked down a fence, and collided with a parked vehicle in a driveway.  The location of the accident was within 1,000
feet of a public school.  When the
officer entered the passenger compartment to turn off the ignition and place
the transmission in park, he saw an open container of alcohol.  An officer later also found a baggy
containing what he believed was marijuana. 
Police eventually were able to identify appellant as the person
operating the vehicle.

Punishment evidence also showed that
on October 25, 2009, a motor vehicle driven by appellant struck a police
vehicle in the presence of officers. 
Appellant attempted to flee on foot, but was apprehended and arrested
for evading arrest or detention.  An
officer detected the odor of alcohol on appellants breath and the odor of
marijuana on his person.  While
searching appellant for weapons, the officer discovered a baggie containing
what he believed was marijuana.  In the
officers opinion, appellant appeared intoxicated.  He had difficulty standing and walking and
was unresponsive to questions.  The
officer transported appellant to a holding facility.  As appellant left the police vehicle, a clear
plastic baggie containing a white powder fell from his pant leg.  According to a field test, the substance was
cocaine.  This was later confirmed by the
Texas Department of Public Safety Crime Laboratory.

Appellant was charged by indictment
or information with the four offenses, and entered guilty pleas to the charged
offenses without a plea bargain agreement. 
A punishment hearing in each case was held the same day as the plea
hearing.  The trial court admonished
appellant of the applicable ranges of punishment and determined he was a United
States citizen.  It also explained and determined
appellant wished to waive the right to trial by jury and the right against
self-incrimination.  Two police officers
gave the testimony we have summarized of the circumstances of the December 2008
and October 2009 offenses.  Appellant
presented two witnesses.  A deacon
testified of appellants church involvement over the preceding five
months.  The second witness, a relative
of appellant, testified of his industry in the workplace, abstinence from
alcohol, and family commitment. 
Following the close of evidence and arguments, the court sentenced
appellant in each case.  Appellant
obtained trial court certification of the right of appeal and timely appealed. 

Thereafter, appellants appointed appellate
counsel filed a motion to withdraw supported by an Anders brief.  In the brief,
he certifies to his diligent review of the record and his opinion under the
controlling authorities and facts of the cases no reversible error or arguably
legitimate ground for appeal exists.  The
brief discusses the procedural history of the case and the events at the plea
hearing.  Counsel discusses the
applicable law and sets forth the reasons he believes no arguably meritorious
issues for appeal exist.  A letter to
appellant from counsel, attached to counsels motion to withdraw, indicates
that a copy of the Anders brief and
the motion to withdraw were served on appellant, and counsel advised appellant
of his right to review the record and file a pro se response.  Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused).  By letter, this court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.  Appellant did not file a response.

In conformity with the standards set out by
the United States Supreme Court, we will not rule on the motion to withdraw
until we have independently examined the record in each matter.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If we determine
the appeal has arguable merit, we will remand it to the trial court for
appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In the Anders
brief, counsel concludes the appeal is frivolous.  We have made an independent review of the
entire record to determine whether arguable grounds supporting an appeal
exist.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We find no arguable grounds
supporting a claim of reversible error, and agree with counsel that the appeal
is frivolous.

Accordingly, we grant counsels motion to
withdraw[6]
in each case and affirm the judgments of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do
not publish.  

 











[1] 
A person commits the offense of evading arrest or detention if he
intentionally flees a person he knows is a peace officer lawfully attempting to
arrest or detain him.  Tex.
Penal Code Ann. § 38.04(a) (West Supp. 2010).  The offense is a state jail felony if the
actor uses a vehicle while in flight and the actor has not previously been
convicted under Penal Code § 38.04.  Tex.
Penal Code Ann. § 38.04(b)(1)(B) (West Supp. 2010).





[2] 
Possession of two ounces or less of marijuana is a Class B misdemeanor,
Tex. Health & Safety Code Ann. § 481.121(b)(1)
(West 2010), but increases to a Class A misdemeanor if committed within 1,000
feet of the real property of a school. 
Tex. Health & Safety Code Ann. § 481.134(f)(1)
(West 2010).  A Class A
misdemeanor is punishable by confinement in jail for up to one year and/or a
fine not to exceed $4,000.  Tex. Penal Code Ann. § 12.21 (West 2003).





[3] Possession of less than one gram of
cocaine is a state jail felony.  Tex.
Health and Safety Code Ann. § 481.102(3)(D) (West
2010) (cocaine is a Penalty Group 1 controlled substance) and Tex. Health and
Safety Code Ann. § 481.115(a),(b) (West 2010) (possession of less than one gram
of cocaine is a state jail felony).  A
state jail felony is punishable by confinement in a state jail facility for any
term of not more than two years or less than 180 days and a fine not to exceed
$ 10,000.  Tex. Penal
Code Ann. § 12.35 (West 2010). 





[4] 
In the absence of facts not charged here, driving while intoxicated is a
Class B misdemeanor.  A person commits
the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. 
Tex. Penal Code Ann. § 49.04(a) (West 2003).  





[5] 
Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).





[6] Counsel shall, within five days
after the opinion is handed down, send his client a copy of the opinion and
judgment, along with notification of the defendants right to file a pro se petition for discretionary
review. Tex. R. App. P. 48.4.