NO. 07-02-0437-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 20, 2002

_____

EX PARTE SHANNON RENEE LUSTER, RELATOR

_____

Before QUINN and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Shannon Renee Luster seeks a writ of habeas corpus securing a release from confinement ordered by the trial court upon hearing a motion for contempt. By order dated October 25, 2002, this Court granted Shannon temporary relief upon making a personal recognizance bond pending determination of this proceeding. Now, after submission, we order her discharged from custody for the reasons expressed herein without prejudice to future enforcement proceedings.

The underlying suit is a divorce proceeding instituted by real party in interest Chris Luster seeking a divorce from Shannon and custody of their minor child.[1] William Darell

<hr>

[1]The underlying proceeding in the 100th District Court of Carson County bears cause number 9204 and is styled In the Matter of the Marriage of Christopher Luster and Shannon Renee Luster, and In the Interest of Christyn Shanae' Luster, A Minor Child.

Luster and Lynn Lee Luster (paternal grandparents) intervened in the divorce proceeding seeking conservatorship and temporary custody of the minor child and other relief. Before rendition of any orders, pursuant to Chris's motion for nonsuit, the trial court dismissed the proceeding. However, the trial court later signed temporary orders granting possession of the child to the paternal grandparents. Due to Shannon's alleged inability to comply with the trial court's temporary orders, by order dated October 21, 2002, she was found to be in violation of a writ of habeas corpus requiring her to produce the minor child and held in contempt. The trial court ordered Shannon's confinement in the Carson County Jail until she produced the child to the court or to the sheriff.

At the hearing on the paternal grandparents' petition for writ of habeas corpus, Shannon offered certified copies of pleadings and orders from a proceeding in Oklahoma instituted by the child's maternal grandparents seeking guardianship of the child. However, the trial court refused to admit the certified copies into evidence. Shannon's tender of documents per her bill of exception included certified copes of (1) a Petition for Letters of Guardianship filed October 4, 2002, alleging, among other things, that the child had been in their custody in Oklahoma since July 2002, (2) an Application for Emergency Order, (3) an Order for Hearing, and (4) an Order signed October 7, 2002, providing:

> Now, on this 7th day of October 2002, this matter comes on before the undersigned Judge of the District Court, upon the Application of the Petitioner for an Emergency Order. The Court, after being well and truly advised in the premises, and upon hearing evidence of Petitioner sworn in open court, the Court finds as follows:

2

That an emergency exists based upon the situation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the custody of the minor child is to the Petitioner until further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the [petitioner] *may enlist the assistance of any law enforcement officials for the State of Oklahoma or County of McIntosh in the execution of this Order.*

(Emphasis added).

Shannon presents six issues in support of her petition for writ of habeas corpus. However, because our disposition of issue five pretermits our consideration of the remaining issues, we limit our consideration to her contention that the trial court erred in failing to allow certified copies of the Oklahoma orders in pleadings on file in the Oklahoma case to be entered into evidence at her hearing on the contempt motion and writ of habeas corpus. By their response, the paternal grandparents now concede that the trial court's exclusion of the certified copies of pleadings and orders of the Oklahoma proceeding was error. At the contempt hearing, relator contended, as she does here, that she was deprived of the evidence necessary to demonstrate that enforcement of the Texas order by contempt placed her in a dilemma because her compliance with the Texas order would cause her to violate the Oklahoma order, which, according to the last paragraph, was self-executing by Oklahoma law enforcement officials.

In this original habeas corpus proceeding, we do not weigh the evidence offered, but instead accord to the trial court the right to judge the witnesses' credibility and the

3

testimonial weight. *See* Ex parte Elmore, 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig. proceeding); Ex parte Karr, 663 S.W.2d 534, 538 (Tex.App.--Amarillo 1983, no writ) (orig. proceeding). As stated in Ex parte Roan, 887 S.W.2d 462, 463 (Tex.App.--Dallas 1994, no writ) (orig. proceeding), we do not review the sufficiency of the evidence to support the trial court's action.

Where it is not within the power of a person to perform the act which alone will purge him of contempt, the court is without power to imprison him for an indefinite term as punishment for an offense already committed. *See* Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145, 147 (1948) (orig. proceeding). A presumption exists that the relator has the ability to perform a court's judgment; however, it is rebuttable by evidence to the contrary. Ex parte Grimes, 443 S.W.2d 250, 252 (Tex. 1969) (orig. proceeding). Shannon was entitled to introduce the evidence along with whatever evidence she had to overcome the presumption.

For Shannon to be entitled to the habeas corpus relief, the trial court's order must be void, either because it was beyond the power of the court or because it deprived her of liberty without due process of law. Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980). Involuntary inability to comply with an order is a valid defense to criminal contempt. Ex parte Chambers, 898 S.W.2d 257, 261 (Tex. 1995). Thus, Shannon was entitled to introduce the certified copies of the Oklahoma documents into evidence for consideration by the trial court. We hold that the error in excluding the evidence denied her due process

4

of law. Without expressing any opinion as to the other issues presented by Shannon, we grant the writ of habeas corpus and order Shannon released from custody without prejudice to future enforcement proceedings.

Accordingly, Shannon Renee Luster is ordered discharged from custody and she and her sureties are ordered released from the bond executed to secure her interim release from custody.

Don H. Reavis
Justice

Do not publish.

5