NO. 07-05-0041-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 16, 2006


______________________________



NICOLAS RIOS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407525; HONORABLE CECIL G. PURYEAR, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 On January 10, 2005, appellant entered a plea of guilty, without a recommendation
for punishment, to the offense of Driving While Intoxicated, Felony-3rd or more. After the
trial court heard the evidence on punishment, appellant was sentenced to prison for a term
of 20 years. Appellant originally gave notice of appeal on January 24, 2005. On February
7, 2005, the trial court certified that the appellant had no right to appeal. Subsequently, on
February 9, 2005, appellant filed a motion for new trial and a hearing was held on March
25, 2005. Appellant's motion for new trial was overruled by the trial court on the day of the
hearing and the trial court issued an amended certification of appellant's right to appeal
limited to the denial of the motion for new trial. Appellant has perfected his appeal and
both appellant and the State have filed their respective briefs. 

 Effective January 2003, the trial court is required to enter a certification of a
defendant's right of appeal. Tex. R. App. P. 25.2(a)(2). (1) Upon reviewing the record in this
matter, it is apparent that the original certification denying the right of appellant to appeal
was defective, as that term has been applied by the Court of Criminal Appeals. See Dears
v. State, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005). The appellate court has the ability
to examine a certification for defectiveness and apply Rules 37.1 and 34.5(c) to obtain
another certification. Id.

 Accordingly, we now abate this appeal and remand the cause to the trial court with
directions to re-certify whether appellant has a right of appeal from the original plea. Notice
shall be given to all parties and thereafter a determination of the right of appellant to appeal
from the initial plea shall be made and an amended certificate shall issue according to
form. The amended certificate shall be included in a supplemental clerk's record to be filed
with the Clerk of this Court on or before March 14, 2006. Further, the court reporter shall
prepare the record of the original plea and the same shall be due on or before March 14,
2006.

 Additionally, when the trial court amends the certificate of appellate rights, it shall
also execute an order granting appellant permission to review the record in preparation of
a motion requesting additional time to amend or supplement his brief. Tex. R. App. P. 38.7. 
The deadline for filing an amendment or supplement, without an additional motion
requesting permission, shall be April 1, 2006.

 It is so ordered.

 Per Curiam


Do not publish. 


1. " " 



ng was
error. At the contempt hearing, relator contended, as she does here, that she was
deprived of the evidence necessary to demonstrate that enforcement of the Texas order
by contempt placed her in a dilemma because her compliance with the Texas order would
cause her to violate the Oklahoma order, which, according to the last paragraph, was self-executing by Oklahoma law enforcement officials.

 In this original habeas corpus proceeding, we do not weigh the evidence offered,
but instead accord to the trial court the right to judge the witnesses' credibility and the
testimonial weight. See Ex parte Elmore, 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig.
proceeding); Ex parte Karr, 663 S.W.2d 534, 538 (Tex.App.--Amarillo 1983, no writ) (orig.
proceeding). As stated in Ex parte Roan, 887 S.W.2d 462, 463 (Tex.App.--Dallas 1994,
no writ) (orig. proceeding), we do not review the sufficiency of the evidence to support the
trial court's action. 

 Where it is not within the power of a person to perform the act which alone will purge
him of contempt, the court is without power to imprison him for an indefinite term as
punishment for an offense already committed. See Ex parte De Wees, 146 Tex. 564, 210
S.W.2d 145, 147 (1948) (orig. proceeding). A presumption exists that the relator has the
ability to perform a court's judgment; however, it is rebuttable by evidence to the contrary. 
Ex parte Grimes, 443 S.W.2d 250, 252 (Tex. 1969) (orig. proceeding). Shannon was
entitled to introduce the evidence along with whatever evidence she had to overcome the
presumption.

 For Shannon to be entitled to the habeas corpus relief, the trial court's order must
be void, either because it was beyond the power of the court or because it deprived her of
liberty without due process of law. Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980). 
Involuntary inability to comply with an order is a valid defense to criminal contempt. Ex
parte Chambers, 898 S.W.2d 257, 261 (Tex. 1995). Thus, Shannon was entitled to
introduce the certified copies of the Oklahoma documents into evidence for consideration
by the trial court. We hold that the error in excluding the evidence denied her due process
of law. Without expressing any opinion as to the other issues presented by Shannon, we
grant the writ of habeas corpus and order Shannon released from custody without
prejudice to future enforcement proceedings.

 Accordingly, Shannon Renee Luster is ordered discharged from custody and she
and her sureties are ordered released from the bond executed to secure her interim
release from custody.

 Don H. Reavis

 Justice

Do not publish. 
1. The underlying proceeding in the 100th District Court of Carson County bears
cause number 9204 and is styled In the Matter of the Marriage of Christopher Luster and
Shannon Renee Luster, and In the Interest of Christyn Shanae' Luster, A Minor Child.