

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00311-CV

**IN THE MATTER OF THE MARRIAGE OF RICHARD CRAG COBB AND KYLIE MARIE COBB AND IN THE INTEREST OF C.K.C., A CHILD**

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 17-10-07415, Honorable Reed A. Filley, Presiding

July 17, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Richard Crag Cobb, appeals from the trial court's order modifying the final decree of divorce between him and Appellee, Kylie Marie Cobb. By two issues, he challenges the trial court's *Modified Possession Order* alleging it is invalid as the trial court had lost plenary power to render the order.[1] We vacate the trial court's modification order.

---

[1] Appellee did not favor us with a brief, nor did she request additional time in which to do so. Rule 38.8(a) of the Texas Rules of Appellate Procedure expressly guides this Court as to what to do if an appellant fails to file a brief; however, there is no corresponding rule to guide us when an appellee fails to file a brief. However, an appellee's failure to contradict issues presented does not lead to concession of error through some sort of appellate default judgment. *See Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 146–47 (Tex. App.—Amarillo 2008, pet. denied).

BACKGROUND

The parties married in 2012 and have one minor child. Kylie filed for divorce in 2017. After a four-day jury trial at which Richard represented himself, in November 2022, the trial court granted a divorce and appointed Kylie sole managing conservator of the child.

On June 12, 2023, the trial court held a status hearing at which Richard again represented himself. After hearing testimony from the parties, the trial court deferred a ruling. It later issued a letter ruling on June 23 as follows:

The possession and access previously awarded to the Father is modified as follows:

    a. Father's possession and access of the child is to begin at 6:00 p.m. on the first, third, and fifth Friday of every month and will end at 6:00 p.m. on the following Sunday;

    b. Any summer possession and access previously awarded to the Father (i.e., 30 days in the summer) is suspended;

    c. Any Spring Break possession and access previously awarded to the Father is suspended;

    d. During the school year, Father shall be awarded possession and access of the child on Thursdays from 6:00 p.m. to 8:00 p.m.; and

    e. Any other possession and access Orders from the Final Decree of Divorce that were not modified by this Order remain in full effect.

The trial court then signed a *Modified Possession Order* on August 1, 2023.

**ISSUES ONE AND TWO—VALIDITY OF MODIFICATION ORDER**

Richard contends the modification order is invalid because the final divorce decree was a final judgment and the trial court lost plenary power thirty days after its rendition. Albeit for different reasons, we agree the modification order is invalid.

Richard references the portion of the divorce decree reciting as follows:

> IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

Citing to Rule 329b of the Texas Rules of Appellate Procedure, Richard maintains Kylie had only thirty days to file a motion to modify, correct, or reform the judgment and the status hearing and ensuing letter ruling and modification order exceeded thirty days.

**APPLICABLE LAW**

Generally, a trial court has plenary power for thirty days after a judgment is signed to otherwise grant a new trial or to vacate, modify, correct, or reform the judgment. TEX. R. CIV. P. 329b(d). With limited exceptions, a court that made a child custody determination has continuing, exclusive jurisdiction to modify an order that provides for the conservatorship, support, or possession of and access to a child. TEX. FAM. CODE ANN. § 156.202. However, the exclusive method for modifying access to and possession of a child is by filing a motion to modify and providing notice to the opposing party. *See In the Interest of A.M.*, 974 S.W.2d 857, 861 (Tex. App.—San Antonio 1998, no pet.). *See also* TEX. FAM. CODE ANN. § 156.002(a).

3

Here, it is undisputed that the trial court's plenary power over the divorce decree rendered in November 2022 had expired at the time of the status hearing held in June 2023. More importantly, Kylie did not file a motion to modify or any pleadings seeking modification of the trial court's custody determinations, nor did she provide notice to Richard of any modification. *See In the Interest of Vasquez*, 666 S.W.2d 649, 651 (Tex. App.—Corpus Christi 1984, no writ). Without proper pleadings and evidence in support thereof, a trial court exceeds its authority if it modifies or reforms previous orders affecting the custody of a child. *See In re Parks*, 264 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In the underlying case, the trial court had no pleadings before it to sua sponte render a modification order without Kylie filing a new suit seeking modification or without any pleadings to support modification. *See Ex parte Karr*, 663 S.W.2d 534, 539 (Tex. App.—Amarillo 1983, orig. proceeding); *Martin v. Martin*, 519 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1975, no writ), *supplemental opinion at* 523 S.W.2d 252, 253 (Tex. App.—Houston [1st Dist.] 1975). Thus, the *Modified Possession Order* is invalid and of no force and effect. Issues one and two are sustained.

## CONCLUSION

The trial court's *Modified Possession Order* is vacated.


Alex Yarbrough
Justice

4